OF THE STATE OF NEW MEXICO

## JANUARY TERM, 1922

[No. 2560.   Feb. 21, 1922.]

MAPEL v. STARRIETT et ux.

SYLLABUS BY THE COURT

*i.* Findings of the trial court when supported by sub-santial evidence will not be disturbed on appeal.   P. 3

2.   The title, estate, or interest of a trustee of the resulting trust is not a community title, estate, or interest which requires the signature of the wife of the trustee to make a conveyance thereof valid.   A trustee's estate or interest is commensurate with, and governed by, the purpose to be effectuated by the trust, and is only such as its proper execution may require.   P. 3.

3.   The statute of frauds has no application to the resulting trust, nor to a trust which has been fully executed.   P. 5

Appeal from District Court, McKinley County; Holloman, Judge.

Suit by Frank B. Mapel against Josiah Starriett and wife, in which the trial court found generally for plaintiff and specifically for him on most of the controverted points, and the defendants appeal. Affirmed.

E. A. Martin, J. W. Chapman, and J. R. McFie, all of Gallup, for appellants.

A. T. Hannett, of Gallup, for appellee.

### OPINION OF THE COURT

RAYNOLDS, C. J.   This is a suit to quiet title to four sections of land in McKinley county.   The complaint alleges that plaintiff is the owner in fee simple, and the defendants make some adverse claim under an agency by which the defendant Josiah Starriett purchased the land for the plaintiff, furnished the purchase money, agreeing to convey it to plaintiff, and later did execute and deliver his deed accordingly.   It is then alleged that Starriett thereafter secured possession of this deed without plaintiff's knowledge or consent, and before it had been recorded.   The original answer denied any agency between the parties, or that Starriett agreed to convey the land.   It admitted that Mapel furnished the purchase money, but alleged that this was done as a loan to be repaid by defendants.   It denied that Starriett executed and delivered any deed to Mapel, or that he secured possession of the alleged deed with or without plaintiff's consent.   The testimony for the defendants on the trial of the case was not wholly consistent with the allegation in the answer that the money was advanced as a loan, and during the trial an amended answer was filed by permission of the court in order to conform to the proof.   This answer alleged that Mapel advanced the money to purchase the land under an agreement that he should advance this and other moneys, and also should furnish tractors, machinery, and sawmill for the farming and development of the land, all of his advances to be repaid to him out of the profits from operations or from sales of the land. Each of the parties was to have a half interest in the land.   The land in question in 1919 belonged to the Santa Fe-Pacific Railroad Company.   On August 26, 1919, that company executed its deed, conveying the land to the defendant Josiah Starriett for a consideration of $5, 134.72.   This was the purchase price, and this amount was furnished entirely by Mapel.   On the receipt of this deed Starriett delivered it to Mapel, but did not record it.   On February 14, 1920, Josiah Starriett executed and acknowledged a warranty deed, con-

veying the land to Mapel, and gave the deed to him. Mapel, who was about to leave town, delivered the deed to his wife to ascertain whether the signature of Mary Effie Starriett, wife of Josiah, was necessary. A few days later Josiah Starriett obtained this deed from Mrs. Mapel, ostensibly to procure his wife's signature, and also took the deed from the Santa Fe-Pacific Railroad Company to himself. He never obtained his wife's signature, did not return either deed, and testified on trial that the deed from himself to Mapel was lost.

Up to this point in the case the facts are undisputed. As to the understanding between Mapel and Starriett for the purchase of the land and as to the reasons for and the circumstances surrounding the making of the deed from Starriett to Mapel there was a clear dispute and a conflict in the evidence. The testimony for the plaintiff supports the theory of his complaint. The testimony of the defendant and his witnesses may be fairly stated to support the contentions of his amended answer, though the details of the agreement are not clear, and it may be questioned whether the original or the amended answer more nearly conformed to the testimony.

At the close of the case both parties submitted findings of fact to the court. The trial judge found generally for the plaintiff and specifically for him on most of the controverted points.

[1, 2] Appellant does not claim there was no evidence to support the court's findings. He argues in his brief that the preponderance was the other way, and that this is an exceptional case which should not be governed by the general rule, that the determination of the trial court on disputed facts and conflicting evidence binds this court. We are unable to see any such exceptional features, and since the findings of the trial court are supported by substantial evidence this appeal must be decided in accordance with them.

Appellant is correct in his assertion that since a legal title in fee simple was alleged in the complaint it was essential that it be proved. Plaintiff assumed the burden by introducing proof of the execution and delivery of the deed from Josiah Starriett, which conveyed the land to him. Appellant answers that this deed was void because Josiah Starriett acquired the land after his marriage to Mary Effie Starriett otherwise than by gift, devise, or bequest, so that it constituted community property, and under the provisions of chapter 84, Laws 1915, the deed signed by the husband alone is void. If this were true, plaintiff's title, so far as it can be quieted in this proceeding, would fail, and the legal title would remain in Starriett.

The validity of that deed is therefore the important question for determination here and in deciding it we must, as already stated, take the facts as found by the trial court. Prior to the execution of the deed from the Santa Fe-Pacific Railroad Company Starriett had no title to this land, legal or equitable; he had paid no part of the purchase price. Mapel was the real purchaser. He furnished all the money, and the deed was taken in the name of Starriett only as a matter of convenience. Starriett then by warranty deed conveyed the land to Mapel. In deciding the validity of this deed the estate which Starriett held in the land must first be determined. If he held complete title to it, the land was community property of himself and his wife, and the deed in question was void under the statute for lack of her signature. But if he held this title only as trustee for the benefit of Mapel, he having no interest in it, then a deed signed by himself alone was valid to convey his estate. The solution depends upon the facts of the transaction between Mapel and Starriett. The facts being determined, the application of the law is not difficult. The district court found the facts as claimed by the plaintiff; that is, that Starriett was trustee of a resulting trust. Such being the case, neither he nor his wife, nor the community, had any

beneficial estate or interest in the property, and his wife's signature was not necessary to the transfer or conveyance of it. 39 Cyc. ''Trusts,'' p. 207.

"The estate of the trustee is commensurate with the powers conferred by the trust and the purposes to be effectuated by it. In other words, the trustee takes exactly that quantity of interest, whatever it may be, which the purposes of the trust and its proper execution may require." 39 Cyc. "Trusts," p. 208, and cases cited.

See, also, Daily v. Bernstein, 6 N. M. 380-396, 28 Pac. 764.

[3] The statute of frauds is not involved in this case. The court found that the transaction was a resulting trust, and also that it had been fully executed. This is not an attempt to enforce an oral trust. The statute of frauds has no application to a resulting trust. 3 Pomeroy's Equity Jurisprudence (3d Ed.) §§ 1008, 1037, 1040. The statute of frauds applies only to executory, as distinguished from executed, contracts, and if a contract otherwise within the statute is completely performed, it is thereby taken out of its operation. 25 R. C. L., "Statute of Frauds," § 349. See also, American Digest, Century edition, "Trusts," § 24; 1 First Decennial Digest "Trusts," Key 17, 18(8); Harris v. Hardwick, 18 N. M. 309, 137 Pac. 581.

We find no error in the decision of the lower court, and the judgment is therefore affirmed, and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate.