**72 P.(2d) 24**

**MORITZKY v. BOBO et ux.**

**No. 4231.**

Supreme Court of New Mexico.

Sept. 27, 1937.

G. Thurston Maltby, of Clovis, for appellants.

G. L. Reese, Sr., of Roswell, for appellee.

ZINN, Justice.

On September 3, 1934, plaintiff G. B. Moritzky, entered into a written contract with defendant M. C. Morgan agreeing to make an exchange of certain properties between them.

The contract between plaintiff and Morgan, and which is the foundation of the subsequent transfers of property as hereinafter related, reads as follows:

"The State of New Mexico
"County of Curry.

"Known all Men.By these presents. I C. M. Morgan Party of the first part and G. B. Moritzay Party of the second part Do this day make and inter into the following agreement to wit.

"The said M. C. Morgan Have this day Sold traded and convayed to G. B. Moritzay. The following described property to wit. Beeing 300 acres of land out of the east half Nancy Gawin League and Labore survey. IN Hardin County Texas. Clear of det, Above described land is practuley level. $7.000. in $5.000. notcs each. Executed by P. G. McKinley in favor of M. C. Morgan, said notes bare 8 per ct. intrest and beeing first lean notes out of the ease half of the Nancy Gawen League and Labore. Hardin Co. Tex. Allso $3100. in first vendore notes executed by A E Parker. and A. M. Hopper, on the following described property. Beeing 80 acres of land out of the Robert Moore survey. Abstract No. 1074 Section No. 923. Cert. No. 2005. In Star County Tex. Said notes bare 8 per-

cent intrest. Said land is eragated land and on ditch with water wright. G. B. Moritzky. Is this day conveying to M. C. Morgan the following described property for the above described property. Property known as the Roswell Hotell in Roswell New Mexico. Located on North Veginia St. Lot 50 by 75. Feet. With all improvements thereon. All indetness not excede. $2.000. Which Morgan takes title subject to. With all furniture except what belongs to Mrs. Brure. M C Morgan gets amedate posetion. M C Morgan guarantees the above titles to all property conveyed to G. B. Moritzky. By good and merchantible title. And is to furnish Abstracts for examination by Moritzky. After examination of abstracts they are to bee returned to Morgan, But in event that Moritzky want abstract at any time the said Morgan agrees to lend for a short time The said M C Morgan Fother guarentees that in case said titles is not merchantible then in that event the said Morgan agrees to˙ Celiver title and posetion to Hotel at once. On beeing leagle notice. And the said G. B. Moritzky is to have the morgan notes and land. for rents on Hotel. M C Morgan is to furnish title in a reasneble lenth of time.

"[Signed] M. C. Morgan
"G. B. Moritzky.
"Witness. This the 3th of Sept. 1934."

Morgan made a deed of conveyance (presumably such deed was executed pursuant to the terms of the above contract) to plaintiff on September 4, 1934, purporting to convey to plaintiff the real estate in Texas and at the same time transferred to plaintiff the vendor's lien notes referred to in the contract. On September 8, 1934, Moritzky conveyed to .Morgan the property known as the Roswell Hotel, which latter deed was entered of record on. September 11, 1934. On December 4, 1934, Morgan conveyed by deed the Roswell Hotel property to defendant J. S. Bobo which deed was recorded December 8, 1934. The contract hereinabove set forth between plaintiff and defendant Morgan was recorded on November. 3, 1934.

Upon investigation, Moritzky discovered that Morgan had no title to the property in Texas which he had conveyed to him. The plaintiff thereupon brought suit for the cancellation of the deed ,from himself to Morgan and also the deed from Morgan and wife to defendant Bobo. In addition to J. S. Bobo and his wife as defendants, Morgan and his˙ wife were made party defendants. Defendant Morgan and wife defaulted; defendant Bobo and wife answered. The case was tried to the court, and judgment was entered in favor of plaintiff canceling the deeds from Moritzky to Morgan and from the Morgans to Bobo and directing a˙return of the property to plaintiff. From this judgment J. S. Bobo and his wife, Florence M. Bobo, appeal.

· The answer of the Bobos discloses that their defense was based on the theory that they had neither actual or constructive notice of the written contract entered into between the plaintiff and Morgan, and also upon the additional theory that, inasmuch as the contract which provided for recon-

veyance, in the event Morgan did not have title to the property, was not signed by Hattie I. Morgan, the wife of Morgan, that therefore such contract was not binding and valid and when plaintiff conveyed the Roswell Hotel to Morgan it became the community property of Morgan and his wife. The Bobos also denied that the conveyance from Morgan and wife to them was made with intent to defraud the plaintiff, and further that, if there was any intentional fraud on the part of Morgan, these defendants had no knowledge thereof and were not a party thereto.

The judgment was entered by the court on December 23, 1935. Three days thereafter, defendants filed certain objections and exceptions to findings and conclusions made by the court in its judgment. No motion was made to vacate the judgment of the court, and only a general objection and exception was made to the findings and judgment. On January 22, 1936, the court entered an order denying the exceptions, requested findings of fact and conclusions of law proposed by the defendants. We consider the record upon the findings and conclusions of the court, and upon the issues tendered by the answer.

The court found that the defendant Bobo had due notice and knowledge of the contract between plaintiff and Morgan at the time the Bobos purchased the Roswell Hotel from the Morgans, and thereby took the property subject to any rights and equities in favor of the plaintiff.

The court also found that Morgan did not own the lands in Texas which he purported to convey to plaintiff pursuant to the agreement, and that Morgan obtained the deed to the Roswell Hotel property through fraud and misrepresentation.

From what has been said it is apparent that the judgment under review is before us with only a general objection and exception to the findings therein contained and to the judgment itself. While it is true defendants filed certain objections and exceptions to the findings and conclusions of the court, this was not done until three days after judgment had been entered and is ineffective to impose upon us a duty to review the evidence to ascertain whether the findings are supported by substantial evidence. This has been so often decided that we need not cite authority.

The findings and conclusions support the relief awarded cancelling the deed from Moritzky to Morgan; also the deed from Morgan and wife to defendant Bobo because of the latter's constructive knowledge of the contract on Morgan's part to reconvey and redeliver possession of the property in the event Morgan's title was not merchantable.

There is no merit in the contention that the Moritzky property became community estate in Morgan's hands, because his wife did not sign the contract containing the covenant to reconvey in the event Morgan's title prove unmerchantable. The court convicted Morgan of fraud and mis-

representation in the transaction. That fraud permeated the entire transaction. Equity imposed upon him a trust to reconvey in accordance with the covenant in the event of a failure of consideration. His wife's signature was unessential to an enforcement of the trust. We have heretofore enunciated this equitable principle. Mapel v. Starriett, 28 N.M. 1, 205 P. 726.

We need not concern ourselves with the claim of Bobo that the original executory contract of conveyance was merged into the executed deed. This theory is urged here for the first time. The point was not raised in the trial below.

Other claims of error presented by defendant Bobo have been considered and found to be without merit.

While the decree canceling Bobo's deed and restoring the property to its rightful owner entails loss upon the former, it may be attributed to his own loose business practices. Bobo himself testified: "Q. Did you find anything in that deed relative to any contract between Mr. Morgan and Mr. Moritzky? A. No, sir. When Mr. Morgan offered to trade it to me, I told him, I said to him, now, Mr. Morgan, I don't want this property if Mr. Moritzky holds anything against it. He said, 'He hasn't got a thing in the world against it.

I will show you what I have got.' That is when he pulled the deed out and I looked at it."

Thus aware of a possible claim by Moritzky, he did not pursue the matter. He traded for the Roswell Hotel without having seen it at the time of the trade and without an abstract of title to the property, merely relying upon the warranties contained in a deed given him by a man whom he had just met and of whom he had never heard before. He gave to Morgan a farm of doubtful value in exchange for property having an approximate value of $20,000. The trade itself was made in a loose manner. As expressed by Bobo:

"Q. So you traded without exchanging abstracts or anything of the kind? A. Yes, sir.

"Q. Just like you would swap knives. A. Sight unseen."

Parties may anticipate loss when important business transactions are negotiated in such fashion.

Finding no error in the record, the judgment of the district court will be affirmed. It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.