**Grace P. FLETCHER, Appellant,**

v.

**Harry M. FLETCHER, Appellee.**

**No. 12224.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 26, 1955.

Decided Feb. 17, 1955.

Petition for Rehearing Denied
March 15, 1955.

Mr. Alvin L. Newmyer, Jr., Washington, D. C., with whom Mr. Sheldon E. Bernstein, Washington, D. C., was on the brief, for appellant.

Mr. John Joseph Leahy, Washington, D. C., with whom Mr. Paul M. Rhodes, Washington, D. C., was on the brief, for appellee.

Before BAZELON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

We are unable to exercise our appellate function in this case in the absence of findings of fact[1] upon which the trial judge reached his ultimate conclusion that Dr. Fletcher was a *bona fide* resident of Nevada at the time of the divorce.

1. Rule 52(a), Fed.Rules Civ.Proc., 28 U.S. C.A.

We are mindful that when an opinion or memorandum of decision is *filed*, the findings of fact and conclusions of law may appear therein, but none was filed here. It is to be noted further that, while the trial judge in his oral comment called for the preparation of findings, none appear of record.

We have, nevertheless, examined the entire transcript. We are unable to ascertain upon what facts the trial judge could have reached the conclusion announced. All the evidence seems to us to point to the contrary, although at this stage we need not so decide.

The judgment is reversed, and the case remanded to the District Court for findings of fact and conclusions of law.[2] Costs shall be assessed against appellee.

Reversed and remanded.

Mr. Hubert B. Pair, Asst. Corp. Counsel for the District of Columbia, Washington, D. C., with whom Messrs. Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

2. Cf. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746; Dollar v. Land, 87

U.S.App.D.C. 214, 218, 184 F.2d 245, 249.