360 P.2d 394

Rose K. MOORE, Plaintiff-Appellee,

v.

M. C. MOORE, Defendant-Appellant.

No. 6688.

Supreme Court of New Mexico.

March 15, 1961.

Lon P. Watkins, Carlsbad, for appellant.

Reese, McCormick, Lusk & Paine, Carlsbad, for appellee.

CARMODY, Justice.

This is an appeal by the defendant below, from that portion of a divorce decree which awarded plaintiff (appellee) judgment in the amount of $4,500 and directed the defendant to pay attorney's fees in the sum of $500.

The case was tried to the court without a jury. At the conclusion of the hearing, the trial judge announced the substance of his proposed judgment, each of the parties submitted requested findings of fact and conclusions of law, and thereafter judgment was entered.

The trial judge failed to make any decision as provided by rule 52(B) (§ 21–1–1

(52) (B), N.M.S.A.1953 Comp.) and, instead, noted "accepted" or "refused" on the original requests made by the parties. At the end of the plaintiff's requested findings, the court appended an order, duly signed, adopting the same as the findings of fact and conclusions of law of the court. Also, at the bottom of the defendant's requested findings, the court entered and signed an order, stating that "The foregoing findings of fact and conclusions of law which have been accepted as indicated are hereby adopted as the Court's findings of fact and conclusions of law." Included in this instrument were numerous of the defendant's requests which had been noted "accepted," some of which, at least, were in direct conflict with those submitted by the plaintiff. For example, at the plaintiff's request, the court marked as "accepted" a finding that defendant had expended some $9,000 of community funds in the improvement of his own separate property, and, conflicting therewith, the court also marked as "accepted" the defendant's finding that defendant had expended no community funds in the improvement of his separate property. The court also noted as "accepted" both the plaintiff's request that she was entitled to attorney's fees in the sum of $500 and the defendant's request that plaintiff should pay her own attorney's fees.

Defendant (appellant), in his brief, attacks these conflicts and, in addition, contends that there is no substantial evidence to support a finding that the defendant had expended community funds in the improvement of his own separate property, and no substantial evidence that plaintiff was entitled to attorney's fees. However, in view of the state of the record, we decline to search the transcript to determine if the judgment is sustainable.

The rule is plain, and requires the trial judge to file his decision in a single document consisting of the findings of ultimate facts and conclusions of law, stated separately. Lusk v. First Nat. Bank of Carrizozo, 1942, 46 N.M. 445, 130 P.2d 1032. We will not countenance a non-compliance with a clear mandate of the rule.

Although our sympathies are with the parties, being faced with a delay caused by something which is not their responsibility, we feel that the ends of justice require us to remand the case to the district court for the making and filing of proper findings of fact and conclusions of law as contemplated by rule 52(B) (a) (7) (§ 21–1–1 (52) (B) (a) (7), N.M.S.A.1953 Comp.). Compare Prater v. Holloway, 1945, 49 N.M. 353, 164 P.2d 378. Also, compare, Hatahley v. United States, 1956, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065; Campbell v. Campbell, 1948, 83 U.S.App.D.C. 237, 170 F.2d 809; and Fletcher v. Fletcher, 1955, 95 U.S.App.D.C. 86, 219 F.2d 768,

which are decisions under Federal Rule of Civil Procedure 52(a), 28 U.S.C.A. Although the federal rule is not at all identical with our rule, supra, it is similar thereto.

We are also of the opinion that the provisions of rule 52(B) (b) (§ 21–1–1 (52) (B) (b), N.M.S.A.1953 Comp.), relating to amendments, should not be considered as a waiver on the part of the defendant, under the circumstances here involved, for the simple reason that there were no findings of the court to be amended.

Therefore, the cause is hereby remanded to the district court, for the sole purpose that it make and file proper findings of fact and conclusions of law within 30 days from the issuance of the mandate herein, and to within 15 days thereafter cause to be submitted by a supplemental transcript, in triplicate, such findings and conclusions, for use on this appeal, without cost to either of the parties. Thereafter, the parties shall be governed by the provisions of rule 15 (2) (§ 21–2–1(15) (2), N.M.S.A.1953 Comp.), as to the filing of new or supplemental briefs, if it is desired.

It is so ordered.

COMPTON, C. J., and CHAVEZ and MOISE, JJ., concur.

NOBLE, J., not participating.