451 P.2d 992

**Frank A. MORA and Lela V. Mora, his wife, Plaintiffs-Appellees,**

**v.**

**Mary Tapia Rael MARTINEZ, Defendant-Appellant.**

**No. 8633.**

Supreme Court of New Mexico.

March 17, 1969.

Farlow & Duffy, Albuquerque, for appellant.

Traub, Parham & Zuris, Albuquerque, for appellees.

OPINION

CARMODY, Justice.

The principal defendant below appeals from the entry of a decree quieting title in the plaintiffs.

The case has had a long life prior to its submission to us. It was originally filed in the district court in June of 1960. In October 1961, a pre-trial conference was held. In July 1962, a first amended complaint was filed, followed in due time by answers of the defendant-appellant and another party. The trial was held in January of 1963, although additional testimony was taken the following March. For rea-

sons not disclosed by the record, a year elapsed before the defendant filed her requested findings of fact and conclusions of law. Some two months later, in May of 1964, the plaintiffs filed a lengthy substantially unnumbered instrument entitled "Requested Findings of Fact and Conclusions of Law"; in essence, this particular instrument related the facts allegedly proven by the plaintiffs; it consists of some nine typewritten pages, six of which were more like a summarization following the trial rather than findings of fact and conclusions of law. In any event, following the filing of this instrument, nothing further was done for almost three years, viz., until February 7, 1967, at which time the trial court finally, and four years after the trial, entered what is termed a final decree, quieting the title in the plaintiffs. As though this were not enough, some ten months later the trial court entered an order allowing an extension for the filing of the transcript, and even this was done with the direction that the extension should be filed nunc pro tunc as of the 7th of July, 1967, the day when the time for filing of the transcript in this court would have expired.

■ In view of our disposition of the case, we will say nothing further with respect to the so-called nunc pro tunc order, except to call to the attention of the trial judge in this case that nunc pro tunc has reference to the making of an entry now, *of something which was actually previously done*, so as to have it effective as of the earlier date. It is not to be used to supply some omitted action of the court or counsel, but may be utilized to supply an omission in the record of something really done but omitted through mistake or inadvertence. State v. Hatley, 72 N.M. 377, 384 P.2d 252 (1963). See, generally, Bouvier's Law Dictionary 2385 (3d rev., vol. III, 1914), and Black's Law Dictionary 1218 (DeLuxe 4th ed. 1951). In the instant case, the action taken was obviously not in conformity with any recognized usage of the term "nunc pro tunc."

In any event, the final decree as entered by the trial court after the four-year delay since the trial in no sense complies with our rule requiring findings of fact and conclusions of law to be filed as a separate instrument. Rule 52(B) (a) (2), (3) and (7) (§ 21–1–1(52) (B) (a) (2), (3) and (7), N.M.S.A.1953). The decree makes no attempt to comply with the rules; in addition to other faults which we need not mention, it states:

"The Requested Findings of Fact and Conclusions of Law of plaintiffs are adopted as such findings and conclusions of this court."

Our reason in detailing the above is to explain why we feel it necessary to take the action we do today. Although we find the earlier delay inexcusable, it is impossible for us, with fairness, to dispose of the appeal until the trial court performs its required duty of making proper findings of fact and conclusions of law. The whole gist of the appeal involves facts. The defendant made perhaps what was the only type of attack possible, and that was a general attack on the findings which were inconsistent with the defendant's position. In so doing, quite naturally she failed to comply with the rule adopted by us as to attack on findings, but it is quite understandable in view of the record why this method was taken. However, it is not for us to search the record in order to determine whether the long meandering findings which the court attempted to adopt by reference are supported by substantial evidence.

■ In connection with the almost total failure on the part of the trial court to comply with the provisions of Rule 52(B) above-mentioned, we take note of the fact that, although our Rule 52 differs from the federal rule, nevertheless the reasons for both rules are the same, i. e., as an aid to the appellate court by placing before it the basis of the decision of the trial court; to require care on the part of the trial judge in his consideration and adjudication of the facts; and for the purposes of res

judicata and estoppel by judgment. See, 2B Barron & Holtzoff, Federal Practice and Procedure, §§ 1121–1123; and 5 Moore's Federal Practice (2d ed.) § 52.06 (1). We agree with the federal cases which, without exception, require adequate findings and insist on the exercise of an independent judgment on the part of the trial judge in making his own findings of fact rather than adopting those of one of the parties. See, among others, Edward Valves, Inc. v. Cameron Iron Works, Inc., 289 F.2d 355 (5th Cir. 1961); and United States v. Forness, 125 F.2d 928, 942 (2d Cir. 1942); as well as Featherstone v. Barash, 345 F.2d 246, 249 (10th Cir. 1965), where the court aptly stated:

"Proper and adequate findings of fact are not only mandatory, but highly practical and salutory in the administration of justice. It has been pointed out that the trial court is a most important agency of the judicial branch of the government precisely because on it rests the responsibility of ascertaining the facts. The Supreme Court recently underscored the responsibility of the court with respect to findings, and was critical of any indiscriminate dependence upon counsel in formulating them. (Citing United States v. El Paso Natural Gas Co., et al., 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964).) Whatever difficulties there may be under various circumstances in the application of the 'clearly erroneous' rule, in support of the trial court's findings, these difficulties are immeasurably compounded by dubious findings. And when findings wholly fail to resolve in any meaningful way the basic issues of fact in dispute, they become clearly insufficient to permit the reviewing court to decide the case at all, except to remand it for proper findings by the trial court."

The above expression, as well as other comments in Featherstone, is little different from the attitude expressed by us in Moore v. Moore, 68 N.M. 207, 360 P.2d

394 (1961), where we remanded for new findings a case involving a far less flagrant violation of the rule than that with which we are here concerned. Compare, Lusk v. First Nat. Bank of Carrizozo, 46 N.M. 445, 448, 130 P.2d 1032 (1942).

■ It is our considered judgment that the cause must be remanded to the trial court in order that proper findings of fact and conclusions of law may be entered of record. It must be emphasized that subsection 7 of Rule 52(B), supra, provides that findings or conclusions not embraced in the trial judge's decision, even though appearing elsewhere, "will be disregarded." Of course, the rule then allows for a remand for proper findings "where the interests of justice require," and it is in accordance with this provision that we take the action here announced.

The cause will be remanded to the trial court with express direction that proper findings of fact and conclusions of law, together with a judgment based thereon, be entered. It will be further directed that there be compliance with this directive within thirty (30) days from the date of the mandate herein, and that within ten (10) days thereafter a supplemental transcript be filed in this cause and that no extension for the preparation or the filing thereof will be granted. Thereafter, the said cause will again be submitted to this court; additional briefs may be filed; appellant will be allowed fifteen (15) days so to do and appellees ten (10) days, with leave to appellant to file a reply brief, if necessary, within five (5) days. Oral argument will be granted upon request of either of the parties. Costs for the preparation of the supplemental transcript shall be borne by the District Court of the Second Judicial District in and for Bernalillo County.

It is so ordered.

NOBLE, C. J., and MOISE, J., concur.