515 P.2d 559

STATE of New Mexico ex rel. STATE HIGHWAY DEPARTMENT of New Mexico, Plaintiff,

v.

Gus D. BRUSKAS, Defendant-Appellant and Cross-Appellee,

and

Safeway Stores, Inc., Defendant-Appellee and Cross-Appellant.

No. 9733.

Supreme Court of New Mexico.

Oct. 26, 1973.

Rueckhaus & Rueckhaus, Albuquerque, for appellant.

Keleher & McLeod, Charles A. Pharris, Albuquerque, for appellee.

## OPINION

MONTOYA, Justice.

This was an eminent domain proceeding initiated by the State of New Mexico through its State Highway Department under the Special Alternative Procedure [§§ 22–9–39 to 22–9–59, N.M.S.A., 1953 Comp. (1973 Pocket Supp.)]. Of the defendants only appellant-cross-appellee Gus D. Bruskas (Bruskas) and appellee-cross-appellant Safeway Stores, Inc. (Safeway) made appearances, and they are the only parties before this court appealing and cross-appealing the trial court's judgment apportioning the damages from the condemnation award made by the trial jury below.

Both Bruskas the owner-lessor of the condemned property, and Safeway the lessee of part of the condemned property, moved for separate trials in this cause. After denial of these motions, the case proceeded to trial before a jury. It was ruled during the trial that Bruskas and Safeway would each present evidence pertaining to their respective damages, but that the jury would decide only the before and after value of the entire tract and would not concern itself with the apportionment of damages. See § 22–9–52(D), N.M.S.A., 1953 Comp. (1973 Pocket Supp.).

The jury returned a lump sum verdict in the amount of $181,000. Later the trial judge, without any further hearing, entered its decision apportioning the award between the defendants as follows: $143,000 plus interest and costs of suit to Bruskas, and $38,000 plus interest and costs of suit to Safeway.

In so doing, the trial court made the following findings of fact and conclusions of law:

"FINDINGS OF FACT

"1. The jury awarded the sum of $181,000.00 in this cause for the combined damages of Gus D. Bruskas and Safeway Stores, Inc.

"2. Safeway Stores, Inc. is entitled to the sum of $46,000.00 as its portion of the jury award, less $8,000.00 as an offset for the uncertainty of tenancy during the remainder of the prime term and any renewals thereof. Safeway, thus, is entitled to a net award of $38,000.00.

"3. Gus D. Bruskas is entitled to the sum of $143,000.00 as his portion of the jury award.

"CONCLUSIONS OF LAW

"1. In apportionment of the jury award in this cause, Safeway Stores, Inc. is entitled to total damages in the amount of $36,000.00 and Gus D. Bruskas is entitled to total damages in the amount of $143,000.00."

By the terms of the judgment entered upon the foregoing findings, the apportionment contained in the findings was made by the court and, in addition, Safeway was awarded a reduction of rent of $258 per month as provided for in the lease existing between the parties herein. The reduction of rent was ordered to begin with the date of entry of judgment. It is from this judgment that this appeal is brought.

In the briefs filed herein and at oral argument, both parties agreed that the judgment should be reversed and that the matter be remanded for the entry of appropriate findings of fact and conclusions of law. We agree.

In Mora v. Martinez, 80 N.M. 88, 90, 451 P.2d 992, 994 (1969), we quoted with approval from Featherstone v. Barash, 345 F.2d 246, 249 (10th Cir. 1965), and said:

"' * * *. And when findings wholly fail to resolve in any meaningful way the basic issues of fact in dispute, they become clearly insufficient to permit the reviewing court to decide the case at all, except to remand it for proper findings by the trial court.' "

In view of the fact that the findings of fact here fail to aid this court in making an adequate review of this case, and considering the fact that the trial judge is no longer on the district court, the judgment is set aside and this case is reversed and remanded for a new trial on the issue of apportionment. It is so ordered.

OMAN and STEPHENSON, JJ., concur.