559 P.2d 842

The PATTISON TRUST et al.,
Plaintiffs-Appellants,

v.

George BOSTIAN et al.,
Defendants-Appellees.

No. 2450.

Court of Appeals of New Mexico.

Dec. 14, 1976.

Certiorari Denied Jan. 25, 1977.

John A. Mitchell, Robert Dale Morrison, Mitchell, Mitchell, Alley & Morrison, Taos, for appellants.

Charles P. Reynolds, William E. Snead, Ortega, Snead, Dixon & Hanna, Albuquerque, for defendants-appellees.

## OPINION

HERNANDEZ, Judge.

Plaintiffs sued defendants seeking damages for trespass and for cutting and removing timber from their real estate. Alternatively, plaintiffs sought damages for breach of contract for failing to observe good timbering practices. The trial court sitting without a jury decided in favor of defendants; plaintiffs appeal, alleging seven points of error.

Because of our decision as to plaintiffs' points I, III and IV and because of the disposition being made of the appeal, a rather limited statement of the facts will suffice to illustrate the basis of our opinion. Prior to September 1, 1970 the parties had entered into an oral agreement for the purchase and sale of timber located upon real property of plaintiffs near Twining, New Mexico. Shortly before that date the parties decided to put their agreement into writing. Plaintiff O. E. Pattison asked defendant George Bostian to prepare the document, which he did. The agreement was signed for the vendors by Buell Pattison, a trustee of the Pattison trust. There was no signature by O. E. Pattison or Luciester Pattison, who owned a fractional undivided interest in the subject property. The written agreement was to run from September 1, 1970, through September 1, 1973. Pursuant to this agreement defendants cut timber (weather permitting) from September 1, 1970 on. On or about June 12, 1972, plaintiffs' attorney wrote to defendants ordering them to stop cutting timber and stating that the agreement between them was null and void.

Plaintiffs' points I, III and IV will be considered together:

"POINT I: The purported timber sale contract between the plaintiffs and the defendants involved matters within the provisions of the statute of frauds and was invalid and unenforceable.

.    .    .    .    .

"POINT III: Because of the invalidity of the purported timber sale contract, the defendants committed a trespass upon the real estate of the plaintiffs.

"POINT IV: Plaintiffs, as a matter of law, were not estopped by their conduct."

Subsequent to the filing of this appeal, plaintiffs cashed several checks which defendants had tendered in full payment for timber they had cut from plaintiffs' land. The first of these checks was dated July 20, 1973, and the last September 7, 1973. Our review of the record indicates

that this was the last act in the consummation of the agreement. Consequently, the consummation of the agreement renders plaintiffs' points I, III and IV moot. As our Supreme Court pointed out in *Mapel v. Starriett et ux.,* 28 N.M. 1, 205 P. 726 (1922): "The statute of frauds applies only to executory, as distinguished from executed, contracts, and if a contract otherwise within the statute is completely performed, it is thereby taken out of its operation." To like effect see *Prude v. Lewis,* 78 N.M. 256, 430 P.2d 753 (1967). We would also point that "[t]he statute of fraud is intended to protect against fraud; it is not intended as an escape route for persons seeking to avoid obligations undertaken by or imposed upon them." *Keirsey v. Hirsch,* 58 N.M. 18, 265 P.2d 346 (1953).

■ Plaintiffs' second point of error is that the trial court failed to make findings of fact upon certain material issues. Plaintiffs contend that the trial court erred by not making findings as to the ownership of the land upon which the timber was located and upon the question of consent to cut timber during 1972 and 1973. The plaintiffs submitted several findings on these matters. In our opinion the trial court rejected such findings when it made the following findings: at no time did Mr. O. E. Pattison or any of the other members of the trust tell the defendants that any of the subject property was owned by O. E. Pattison and Luciester Pattison. That prior to signing the agreement, Mr. O. E. Pattison and representatives of the trust had gone over the property and pointed out the specific areas to be cut. That defendants, with the knowledge of Mr. O. E. Pattison, paid the trust in excess of $10,368.00 for timber cut from the subject property. That at all times defendants were acting in reliance upon the representations of Buell Pattison and O. E. Pattison that they had the authority to sell the timber which was being cut. A review of the record indicates substantial evidence to support these findings; that being so, plaintiffs' second point is without merit.

Plaintiffs' fifth point is that an act of God is an affirmative defense, and that defendants having failed to plead it specifically could not rely upon it. The answer to this point is factual: the defendants did not assert or rely upon an act of God as a defense.

■ Plaintiffs' sixth point is that the trial court failed to exercise its independent judgment and prepare its own decision. Plaintiffs in their argument refer to a letter from the trial court to the attorneys of the respective parties wherein the court stated that it found all issues in favor of the defendants and requested defendants' attorney to prepare the necessary findings and to prepare a final judgment based upon the decision of the court. Plaintiffs cite to § 21-1-1(52)(B)(a)(1), N.M.S.A.1953 (Repl. Vol. 4, 1970) which provides in part: "In such decision the court shall find the facts and give its conclusions of law pertinent to the case . . . ." Plaintiffs' point is well taken. Our Supreme Court in *Mora v. Martinez,* 80 N.M. 88, 451 P.2d 992 (1969) had this to say:

> "[W]e take note of the fact that, although our Rule 52 differs from the federal rule, nevertheless the reasons for both rules are the same, i.e., as an aid to the appellate court by placing before it the basis of the decision of the trial court; to require care on the part of the trial judge in his consideration and adjudication of the facts; and for the purposes of res judicata and estoppel by judgment. [Citations omitted.] We agree with the federal cases which, without exception, require adequate findings and insist on the exercise of an independent judgment on the part of the trial judge in making his own findings of fact rather than adopting those of one of the parties."

Having decided points I through V adversely to the contentions of the plaintiffs, we need not consider point VII, which alleges that there were manifest errors of law which were brought to the attention of the trial court and for which their motion for a new trial should have been granted.

This cause will be remanded to the trial court with instructions that proper findings of fact and conclusions of law be prepared and entered and that a judgment based thereon and consistent with this opinion be entered.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., dissented.

SUTIN, Judge (dissenting).

I dissent solely from that part of the opinion which remands this case to the district judge to prepare and enter proper findings of fact and enter a judgment based thereon consistent with the opinion. The judgment should be affirmed without remand.

A. *The trial court made proper findings of fact and conclusions of law.*

In *Mora v. Martinez,* 80 N.M. 88, 451 P.2d 992 (1969), and *Moore v. Moore,* 68 N.M. 207, 360 P.2d 394 (1961), the trial court did not prepare and enter a decision in a separate instrument as required by Rule 52(B)(a) of the Rules of Civil Procedure. The trial court, by a separate order, adopted the findings and conclusions requested by the successful party. To continue the appeal in both cases, the Supreme Court remanded with instructions to repair the damage and send it back to the Supreme Court.

*Mora* lay at rest because the parties settled their differences. *Moore* was affirmed in *Moore v. Moore,* 71 N.M. 495, 379 P.2d 784 (1963).

*Mora* is quoted as authority that a remand for proper findings of the court arises when findings fail to resolve the basic issues in dispute, and are insufficient to permit an appellate court to decide the case. *Michelson v. Michelson,* 86 N.M. 107, 520 P.2d 263 (1974); *State ex rel. State Highway Department v. Bruskas,* 85 N.M. 634, 515 P.2d 559 (1973). With this I agree.

In the instant case, by letter, the trial court announced that all issues were decided in favor of defendants, and asked defendants' attorney "to prepare the decision of the court making all appropriate, requisite and necessary findings of fact to sustain the judgment of the court, . . . prepare an order denying all requested findings and conclusions submitted by the parties . . . ." Plaintiffs did not object to this procedure.

Pursuant to this request, we assume defendants' attorney prepared the decision for the trial court and the order denying all requested findings and conclusions. The decision did not contain two of defendants' requested findings. Two weeks after the date of the letter, the decision and order was signed by the trial court and filed. By this decision, the trial court found the facts and gave its conclusions in a separate instrument as required by law. It is obvious that the trial court read the decision and approved its contents. I can find no criticism of the trial judge's request for assistance of the defendants' attorney even if proper objection had been made.

He was sufficiently harassed for three years. The trial judge made proper findings of fact.

B. *To remand for proper findings and judgment would be useless and would permit a second appeal.*

The transcript of the record on appeal consists of eight volumes. It contains rambling pleadings, and extensive depositions which consumed 508 pages of the transcript. The complaint was filed on November 8, 1972 and the trial commenced August 4, 1975, almost three years thereafter. More than four years have passed since the complaint was filed.

" . . . [C]ertainly if this court can remand the case for the entry of [a decision], it would be a useless thing to strike the present [decision] and remand the case to the trial court for the making of the same over again. Although we must insist upon compliance with the rule by the trial courts, certainly little would be accomplished, other than additional delay, in remanding the case for this purpose only. We do not feel that the interests of justice

require such a procedure . . .."
*Brown v. Hayes*, 69 N.M. 24, 27–28, 363 P.2d 632, 634 (1961).

Furthermore, to require the trial court to prepare and enter a new decision and enter judgment based thereon means that the trial court will have to add additional findings to its decision bearing on the issue of the consummation of the agreement. The consummation occurred subsequent to the filing of this appeal. It was raised by affidavit of defendant Bostian during the appeal, which affidavit showed that plaintiffs cashed checks of defendants which constituted total payment to plaintiffs for timber severed by defendants. Plaintiffs did not contest this matter.

If a new decision is required, evidence will be taken, additional findings will be made, and judgment will be entered thereon. Plaintiffs will then have the right to a second appeal. Plaintiffs had one fair trial, unreasonably delayed, and one fair appeal, even though adverse. Plaintiffs are not entitled to a second bite of the apple or a fourth strike in this ballgame.