613 P.2d 422

Richard A. SISNEROS, also known as Ricardo Sisneros, and Valley National Bank, Plaintiffs-Appellees,

v.

Fabian GARCIA and Juan F. Garcia, Defendants-Appellants.

No. 12513.

Supreme Court of New Mexico.

July 9, 1980.

Catron, Catron & Sawtell, Fletcher R. Catron, Santa Fe, for defendants-appellants.

Scarborough & Scarborough, George M. Scarborough, Espanola, Kegel & McCulloch, Santa Fe, for plaintiffs-appellees.

## OPINION

SOSA, Chief Justice.

The issues we decide in this appeal are: (1) whether a deed signed by a minor renders the conveyance void; (2) whether the running of time for disaffirmance is tolled where the buyer had not recorded the deed; and (3) whether the buyer in this case acquired title by adverse possession.

We decide that a deed signed by a minor is voidable not void; that a minor should not be required to disaffirm a conveyance upon reaching majority where the buyer has not recorded the deed and the minor has no other notice of the buyer's claim; and that the buyer in this case did not acquire good title by adverse possession.

It is undisputed that prior to 1959, Sisneros, then a minor, had title to the tract of land in question. On January 28, 1959, when Sisneros was fifteen years old, Fabian Garcia typed up a deed which purported to

convey the land from Sisneros to Juan F. Garcia for $950.00. There is conflicting testimony, and the trial court refused to make a finding, on whether Sisneros ever actually signed the deed, though a signature alleged to be his appears on its face. The trial court did find that Sisneros received no consideration. The deed was recorded in 1972, thirteen years after it was purportedly executed.

Since 1959, neither party has lived on the land for any appreciable length of time. Sisneros offered to sell the land to a third party in 1971, then mortgaged it in favor of Valley National Bank in 1973. In that same year, Sisneros also became aware of Juan Garcia's claim under the 1959 deed, and brought this suit for ejectment. Juan Garcia counterclaimed to quiet title. Valley National Bank was joined as a plaintiff-counter-defendant because it was the holder of a note and mortgage from Sisneros. The trial court entered judgment in favor of plaintiffs. We affirm.

The Garcias urge four separate grounds on appeal for a remand or reversal. First, they argue that a remand is necessary to determine the question of whether Richard Sisneros actually signed the 1959 deed. They contend that if he did sign the deed, then the conveyance is good because he did not disaffirm the conveyance within a reasonable time after reaching majority.

Sisneros counters that it is irrelevant whether or not he signed the deed, because a deed signed by a minor is void *ab initio.* He relies upon Section 32–1–29, N.M.S.A. 1953, which was applicable at the time. (Repealed, N.M. Laws 1975, ch. 257, § 9–101.) It read in pertinent part:

> An infant by his general guardian, if he has any, and by his next friend, if he has no general guardian, may present a petition to the district court or the probate court of the county where the real estate to be affected, or any part thereof, is situate, . . . praying that a guardian may be appointed to sell and convey the same . . ..

Sisneros' argument is that because there is a statute providing for court authorization of a conveyance by a minor, a conveyance without court authorization is invalid.

The Garcias contend that a conveyance by a minor is voidable not void. The purpose of the statute, they argue, is to make a conveyance binding upon a minor and not subject to disaffirmance.

■ We agree with the interpretation that a minor can convey land, but the conveyance would, without court approval, be subject to disaffirmance within a reasonable time after the minor reaches majority. *See* 42 Am.Jur.2d, *Infants,* § 75 (1969); *cf. Evants v. Taylor,* 18 N.M. 371 (1913) (a minor may disaffirm a contract to purchase land upon arriving at majority). This does not lead us to the conclusion, however, that the trial court had to make a finding on whether Sisneros signed the deed. If Sisneros did sign the deed, and later disaffirmed it, the result is the same as if he had never signed it.

■ We hold that the trial court's finding that Sisneros disaffirmed the conveyance is supported by the record. Even though Sisneros did not disaffirm the contract until fourteen years later, at the latest, this was reasonable under the circumstances. The court found that Sisneros never intended to sell the land and that he was unaware of any adverse claims to the land until after Garcia recorded the deed in 1972. There would be no reason for him to disaffirm a conveyance he never knew he entered into and never had legal notice of until 1972. The conclusion of the trial court that Sisneros disaffirmed the conveyance was therefore proper.

■ The Garcias' second point is that they acquired the land by adverse possession. We hold that there is substantial evidence to support the trial court's finding that the Garcias' occasional use was not continuous, open or hostile, and did not meet the requirements of adverse possession.

The Garcias urge as their third point that this Court strike the trial court's judgment for costs as it runs against Fabian Garcia. Our record reflects that the trial court's

judgment for costs was not entered against Fabian Garcia, so we do not consider the point further.

The Garcias' fourth point is that the trial court failed to exercise its independent judgment, because it adopted, almost verbatim, Sisneros' findings of fact and conclusions of law. They cite *Pattison Trust v. Bostian*, 90 N.M. 54, 559 P.2d 842 (Ct.App. 1976), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977), and *Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969) for the proposition that a case should be remanded if the findings and conclusions of the trial judge are too similar to the proposed findings and conclusions of the prevailing party.

In *Mora*, the lower court attempted to adopt by reference a rambling set of findings submitted by the plaintiffs which were so obscure that this Court found the case difficult to review.

In *Pattison*, the trial judge sent a letter to the prevailing party requesting a set of findings for him to sign.

In the present case, there is no indication of the abdication of judicial responsibility present in *Mora* and *Pattison*. This Court recently stated, in *United Nuclear Corp. v. General Atomic Co.*, 93 N.M. 105, 597 P.2d 290 (1979), *cert. denied*, 444 U.S. 911, 100 S.Ct. 222, 62 L.Ed.2d 145 (1979) that

> the practice of adopting findings and conclusions entirely as submitted by one of the parties has been held to be error in only the most extreme circumstances. *See Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969); *Chicopee Manufacturing Corp. v. Kendall Company*, 288 F.2d 719 (4th Cir.1961), *cert. denied*, 368 U.S. 825, 82 S.Ct. 44, 7 L.Ed.2d 29 (1961). Most of the cases hold that, although the practice is not to be commended, it is not reversible error so long as the findings adopted are supported by the record.

*Id.* 94 N.M. at 59, 597 P.2d at 307 (citations omitted). Here, the findings which we rely upon are supported by substantial evidence.

It appearing that there was no reversible error below, the decision of the trial court is affirmed.

EASLEY and FEDERICI, JJ., concur.