739 P.2d 965

**John L. PADILLA, Plaintiff-Appellant,**

v.

**REAL ESTATE COMMISSION OF the STATE OF NEW MEXICO, Richard E. Mares, Chairman, Defendants-Appellees.**

No. 16432.

Supreme Court of New Mexico.

July 10, 1987.

Janice D. Paster, Albuquerque, for plaintiff-appellant.

Hal Stratton, Atty. Gen., Lynn Hebert, Asst. Atty. Gen., Santa Fe, for defendants-appellees.

## OPINION

RANSOM, Justice.

John L. Padilla (Padilla) appeals from the decision of the district court which affirmed the New Mexico Real Estate Commission (commission) in its revocation of Padilla's license to sell real estate. The grounds for the revocation were false or fraudulent representations by Padilla with respect to whether any unpaid liens or judgments were filed against him.

Padilla received a license to sell real estate on March 30, 1984. In the winter of 1981 and fall of 1982, the University of New Mexico had filed suits and obtained default judgments against Padilla to recover payment of student loans. Also, a default judgment had been obtained against Padilla in February 1983 with respect to the sale of an automobile.

Between April 1983 and March 1984 Padilla filed five registration forms with the commission prior to taking the real estate licensing examination. In response to the question, "Do you have any unpaid liens or judgments filed against you?" Padilla answered "No" on each form. The judgments were then outstanding. The district court affirmed the commission's conclusion that the representations were either false or fraudulent in violation of NMSA 1978, Section 61–29–12 (Repl.Pamp.1983 and Cum.Supp.1986).

The standard of review of an administrative finding for the district court is specifically addressed in NMSA 1978, Section 61–1–20:

> Upon the review of any board decision under the Uniform Licensing Act [61–1–1 to 61–1–31 NMSA 1978], the judge shall sit without a jury, and may hear oral arguments and receive written briefs, but no evidence not offered at the hearing shall be taken, except that in cases of alleged omissions or errors in the record, testimony thereon may be taken by the court. The court may affirm the decision of the board or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are: in violation of constitutional provisions; or in excess of the statutory authority or jurisdiction of the board; or made upon unlawful procedure; or affected by other error of law; or unsupported by substantial evidence on the entire record as submitted; or arbitrary or capricious * * *.

■ We have previously held that this Court must conduct the same review as the district court while at the same time determining whether the district court erred in the first appeal. *Tapia v. City of Albuquerque*, 104 N.M. 117, 717 P.2d 93 (Ct. App.1986); *Groendyke Transp., Inc. v. New Mexico State Corp. Comm'n*, 101 N.M. 470, 684 P.2d 1135 (1984). This Court may set aside an agency order only if it is unreasonable, unlawful, arbitrary, capricious, or not supported by evidence. *McDaniel v. New Mexico Bd. of Medical Examiners*, 86 N.M. 447, 525 P.2d 374 (1974).

■ The commission has the power to revoke a license at any time where the licensee has by false or fraudulent representations obtained a license, NMSA 1978, Section 61–29–12, or is deemed to be guilty of making a substantial misrepresentation. NMSA 1978, § 61–29–12(A). To prove a fraudulent representation, the commission must prove a misrepresentation of fact, known to be untrue by the maker, and made with an intent to deceive and to induce the other party to act upon it to his detriment. *Cargill v. Sherrod*, 96 N.M. 431, 631 P.2d 726 (1981). Evidence of fraud will not be substantial unless it is clear, strong, and convincing. *Seidenberg v. New Mexico Bd. of Medical Examiners*, 80 N.M. 135, 452 P.2d 469 (1969).

■ Padilla had not been served in person with process in the student loan cases and the findings that he had notice of the

entry of those judgments are supported only by evidence that, since he was "being taken to court," he worked out monthly payments. "So," he testified, "I figured there's no judgment * * *." Yet, this "notice" came only after Padilla's completion of the registration forms and resulted from the commission's investigation. The automobile judgment recited that he had never been personally served in that suit, and he testified that "the way I thought it was, it wasn't a true judgment against me * * *. I thought that they are just going to take me to a retrial and then get a true judgment against me." The commission's findings and conclusions do not resolve in any meaningful way whether Padilla intended to deceive and to induce the commission to act in reliance upon a misrepresentation of fact known by Padilla to be untrue. The district court adopted the findings and conclusions of the commission. The conclusion that there was fraud is stated in the disjunctive with the finding of falsity, i.e., "false or fraudulent." In the opening statement of the assistant attorney general the situation was characterized basically as one of an allegedly "false response."

There is no question but that the representations regarding judgments were false. The judgments were filed prior to Padilla's applications. If the subjects of misrepresentations on application forms are material, i.e., "substantial misrepresentations," the commission can, absent intervening equities, revoke the license even though there is no actual or intentional fraud. *Cf. Modisette v. Foundation Reserve Ins. Co.,* 77 N.M. 661, 667–68, 427 P.2d 21, 25–26 (1967).

 A misrepresentation or concealment of a fact is material if it operates as an inducement to the commission to do that which it should not otherwise have done. This is the test of whether a misrepresentation is substantial. Here, the question of materiality turns on the extent, if any, to which unpaid liens or judgments bear upon the duty of the commission to safeguard the interests of the public. "Licenses shall be granted only to persons who are deemed by the commission to be of good repute and competent to transact the business of a real estate broker or salesperson in such a manner as to safeguard the interests of the public." NMSA 1978, § 61–29–9(A) (Repl. Pamp.1983) (Qualifications for license). The "good repute" requirement is interpreted by us to relate to honesty and trustworthiness. *See* NMSA 1978, § 61–29–9(D).

There are no specific findings and conclusions by the commission to afford this Court a clear understanding that the decision was based upon false representations relevant and material to facts bearing upon the good repute and competence of a licensee in the public interest. Being a student loan judgment debtor and being reputable and competent are not mutually exclusive. The same can be said of the automobile judgment. As stated in *Mora v. Martinez,* 80 N.M. 88, 451 P.2d 992 (1969), " 'when findings wholly fail to resolve in any meaningful way the basic issues of fact in dispute, they become clearly insufficient to permit the reviewing court to decide the case at all, except to remand it for proper findings by the trial court.' " *Id.* at 90, 451 P.2d at 994 (quoting from *Featherstone v. Barash,* 345 F.2d 246, 249 (10th Cir.1965)).

This cause will be remanded to the commission with express directions to enter proper findings of fact and conclusions of law, together with a final order. Thereafter, the said cause will proceed anew for appeal or other purposes according to law.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and SOSA, Senior Justice, concur.