**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-029**

**Filing Date:    February 9, 2009**

**Docket No. 27,386**

**MICHAEL MONTOYA,**

        **Plaintiff-Appellee,**

**v.**

**RAFAELITA MEDINA a/k/a**
**RAFAELITA M. MEDINA and**
**TRINIDAD V. MEDINA,**

        **Defendants-Appellants.**


**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**


Carol A. Neelley, P.C.
Carol A. Neelley
Taos, NM

for Appellee

Armstrong & Armstrong, P.C.
Julia Lacy Armstrong
Taos, NM

for Appellant

**OPINION**

**WECHSLER, Judge.**

**{1}**    "In a case tried by the court without a jury, . . . the court shall enter findings of fact and conclusions of law when a party makes a timely request." Rule 1-052(A) NMRA. The reasons for this requirement are to aid "the appellate court by placing before it the basis of

1

the decision of the trial court; to require care on the part of the trial judge in . . . consideration and adjudication of the facts; and for the purposes of res judicata and estoppel by judgment." *Mora v. Martinez*, 80 N.M. 88, 89-90, 451 P.2d 992, 993-94 (1969). This case exemplifies the importance of compliance with Rule 1-052(A). Because Rule 1-052(A) was invoked and the district court did not issue proper findings of fact and conclusions of law, we remand to the district court.

**{2}** The case on appeal is a quiet title dispute. Neighbors are disputing a small tract of land, 24 ½ feet by 32 ½ feet, adjacent to their uncontested properties. Plaintiff, Michael Montoya, bases his claim of title on deeds, surveys, sketches, and maps that do not refer to the disputed land with identical boundary descriptions or the same shapes. Some of the deeds in the chain of title of Defendants Trinidad Medina and Rafaelita Medina describe the land differently and by landmarks. Those deeds, created after the original 1941 tax deed conveyed the property to Defendants' predecessor in interest, do not use the tax deed's original boundary descriptions.

**{3}** At the conclusion of the trial testimony, the district court judge stated:

> If the parties wish to submit Findings of Fact and Conclusions of Law you may do so within the next 20 days - and that's from today. But I will tell you what my opinion is and my decision.
>
> It will be the decision of this Court that Tract 2, based on the testimony that was given today, will be quieted to Mr. Michael Montoya. It will also be the opinion of this Court that everyone, just about, is mistaken as to where all of these property boundaries are. But, it is clear from the deed that the Medinas' property went to the acequia, and that's as far as it went. It says the south boundary is the acequia. Mrs. Trinidad Medina, I think, really clarified that for the Court when she said, "we walked along that ditch and that was the boundary there." And then she just assumed that it went along the fence, but she - but the testimony also from other witnesses including herself and other witnesses was that the Court can assume that fence was put there to keep the cattle out. That it wasn't necessarily a boundary line, but to keep cattle from getting to the creek, or the river, and of course off of the highway. But the deed speaks for itself. It is quite clear that it is the boundary.
>
> As far as this Court can tell, the boundary runs along that acequia up to the east boundary line of Tract 2.

**{4}** Defendants filed timely requested findings of fact and conclusions of law. Plaintiff did not. The district court entered judgment quieting title in Plaintiff without written findings of fact and conclusions of law. Although Defendants argue that we should remand to the district court because of its failure to issue findings of fact and conclusions of law,

2

Plaintiff does not respond to this argument or assert that the district court's oral ruling was sufficient to meet the requirements of Rule 1-052.

**{5}**     However, even if we were to consider the district court's oral ruling to constitute findings of fact and conclusions of law, it would not be sufficient to permit proper appellate review. Findings of fact and conclusions of law are insufficient to assist a reviewing court if they do not resolve the material issues "in [a] meaningful way." *Mora*, 80 N.M. at 90, 451 P.2d at 994 (internal quotation marks and citation omitted); *see DeTevis v. Aragon*, 104 N.M. 793, 800, 727 P.2d 558, 565 (Ct. App. 1986) ("The trial court must, if requested, adopt findings of fact resolving the material issues raised by the parties."). In a suit to quiet title, the plaintiff must recover on the strength of the plaintiff's own title or not at all, and cannot rely on any weaknesses in a defendant's title. *Baker v. Benedict*, 92 N.M. 283, 286, 587 P.2d 430, 433 (1978); *see also Jackson v. Hartley*, 90 N.M. 428, 432, 564 P.2d 992, 996 (1977), *overruled on other grounds by Ortega, Snead, Dixon & Hanna v. Gennitti*, 93 N.M. 135, 139-41, 597 P.2d 745, 749-51 (1979). In this case, the district court's oral ruling provides no indication why or how Plaintiff established title; its reasoning relied on the weakness of Defendants' title. The court's written order quieted title in Plaintiff and established the boundaries of his property with little explanation. The only insight this Court has into the district court's ruling, after it heard lengthy and complicated testimony, is the district court's simple explanation relying upon the weakness of Defendants' southern boundary (which Defendants complain is not the issue) and a statement, with no supporting discussion, that "the deed speaks for itself." As a consequence, the district court's ruling does not resolve the ultimate factual issues underlying the parties' arguments in a meaningful way.

**{6}**     Moreover, there are additional problems that impair our ability to rely on the presumption of correctness to uphold the district court's decision. *See Payne v. Tuozzoli*, 80 N.M. 214, 218, 453 P.2d 384, 388 (Ct. App. 1969) (stating that the presumption of correctness "does not . . . replace the requirement that the judgment must be supported by findings, which in turn must be supported by substantial evidence"). Defendants argue on appeal that the district court misunderstood the dispute; they claim the sufficiency issue concerns the location of the western boundary of their land, not the southern boundary. Plaintiff's answer brief makes no comment about the district court's oral findings as to Defendants' southern or western property boundaries. Even assuming the district court is correct that the southern boundary of Defendants' property is dispositive, the information in the record upon which the district court appears to have relied for its notion that the fence is not the southern boundary, but a fence to keep out cows, is a suggestion by Plaintiff's counsel on cross-examination of Defendant Trinidad Medina, and an unexplained reference to "the deed." The district court did not explain why it chose that deed above the rest of the evidence.

**{7}**     Further, although there is plenty of documentary evidence to review, and theoretically "an appellate court is in as good a position as the [district] court to determine the facts and draw its own conclusions" from such evidence, *Maestas v. Martinez*, 107 N.M.

3

91, 93, 752 P.2d 1107, 1109 (Ct. App. 1988), the record before us reveals that the documentary evidence in this case demands the aid of visual explanation with witness interpretation. The district court had the benefit of this explanation when the witnesses and attorneys pointed to exhibits, but the record is not sufficiently specific to afford us that benefit on appeal. For this reason, we cannot determine from the record whether the testimony interpreting the documentary evidence is adequate to support the conclusions of the witnesses.

{8}     We must therefore remand for appropriate findings of fact. *Mora*, 80 N.M. at 90, 451 P.2d at 994 ("[W]hen findings wholly fail to resolve in any meaningful way the basic issues of fact in dispute, they become clearly insufficient to permit the reviewing court to decide the case at all, except to remand it for proper findings by the trial court." (internal quotation marks and citation omitted)); *see Green v. Gen. Accident Ins. Co. of Am.*, 106 N.M. 523, 527, 746 P.2d 152, 156 (1987) (remanding to enable the district court to decide the ultimate factual issue); *State ex rel. Human Servs. Dep't v. Coleman*, 104 N.M. 500, 505-06, 723 P.2d 971, 976-77 (Ct. App. 1986), *abrogated on other grounds by State v. Alberico*, 116 N.M. 156, 861 P.2d 192 (1993) (remanding for additional findings of fact and conclusions of law because this Court could not determine whether the district court considered expert opinion testimony). Because the issues that may need to be addressed by this Court after further action by the district court may change significantly, we do not retain jurisdiction in this case.

**CONCLUSION**

{9}     We remand to the district court to issue written findings of fact and conclusions of law that are sufficiently specific to permit appellate review.

{10}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**Topic Index for *Montoya v. Medina,* No. 27,386**

**AE          Appeal and Error**

4

AE-RM  Remand

**CP**   **Civil Procedure**
CP-FD  Findings and Conclusions

**PR**   **Property**
PR-QT  Quiet Title