# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**EDUARDO L. MONTOYA,**

Petitioner-Appellee,

v.                                                              NO.   28,041

**ELIZABETH L. MONTOYA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Daniel A. Sanchez, District Judge**

Domenici Law Firm
Charles N. Lakins
Albuquerque, NM

for Appellee

Nancy Ann Richards
Las Vegas, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Wife appeals an order dividing property in a divorce proceeding. We proposed to reverse the property division on the basis that there did not appear to be any evidence or finding to show why the Del Vado property was treated differently than

the other two pieces of property. Husband has timely responded. We have considered his arguments and not being persuaded, we reverse.

In our notice, we pointed out that there were no findings made by the trial court indicating that Husband had met his burden of establishing the Del Vado property as separate. Husband refers us to the district court's conclusions, in which the court sets out the law regarding the presumption of community property and the burden of rebutting that presumption. [RP 211, col 1] The conclusion states that "Mr. Montoya did not present evidence that would overcome the presumption in all cases." [Id.] Husband argues that the "in all cases" language indicates that he did meet the presumption in some cases. That may be true. However, contrary to Husband's assertion, there is no factual finding to support that conclusion. There is no finding from which we can conclude that the district court found reasons to treat the Del Vado property differently than the other pieces of property.

Our case law is clear that "[a] conclusion of law cannot be sustained unless it finds support in one or more findings of fact." *Chavez v. S.E.D. Labs.*, 2000-NMSC-034, ¶ 19, 129 N.M. 794, 14 P.3d 532. Here, the only finding regarding the status of the property found that the property had been acquired during the marriage and was, therefore, community. [RP 207, fof 6] The finding also refers to the conflicting testimony of Husband and Wife regarding the funds used to purchase the property.

There is no finding regarding whether and how the presumption of community property was overcome.

Husband argues that we should liberally construe findings to support the judgment. We agree that we do so. However, there is nothing here to indicate that Husband met his burden. Husband does not tell us, in his memorandum in response to the calendar notice, what evidence was presented to support his claim that he met his burden. It is Husband's burden to provide us with those facts. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (reiterating that the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law). He simply argues that we should assign this case to the general calendar so as to have the transcript to review. We decline to do so where no effort has been made, in the memorandum in opposition, to articulate the evidence that was presented below on Husband's behalf.

Husband further argues that we should affirm the property division because there might be other circumstances supporting the division. We are in full agreement that property division does not require mathematical exactness and that there may be particular reasons for awarding property to one party or the other. However, those reasons must be articulated in findings and conclusions so that this Court has something to review. *Montoya v. Medina*, 2009-NMCA-029, ¶¶ 1, 6, ___ N.M. ___,

203 P.3d 905 (No. 27,386, Feb. 9, 2009) (pointing out the problems with relying on presumptions of correctness where no findings have been made).

For the reasons stated herein and in the notice of proposed disposition, we reverse the property division for lack of sufficient findings to support the conclusion that the Del Vado property is Husband's sole and separate property. The matter is remanded to the district court for reconsideration of the property division.

**IT IS SO ORDERED**.

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**