This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GEORGE MARTINEZ,**
**JESSE MARTINEZ, and**
**VELMA LOPEZ,**

     Plaintiffs-Appellants,

v.                                                            **No. A-1-CA-36009**

**THE PRECILIANA MARTINEZ**
**REVOCABLE TRUST, THE MICHAEL F.**
**MARTINEZ TRUST, THE MICHAEL MARTINEZ**
**AND MARY SHACKLEFORD-MARTINEZ**
**TRUST, MICHAEL F. MARTINEZ, individually**
**and as Trustee for the Damacio Martinez Trust,**
**as Trustee for the Preciliana Martinez Revocable**
**Trust, as Trustee for the Michael F. Martinez Trust,**
**and as Co-Trustee for the Michael Martinez and Mary**
**Shackleford-Martinez Trust, and MARY**
**SHACKLEFORD-MARTINEZ, individually and**
**as Co-Trustee for the Michael Martinez and Mary**
**Shackleford-Martinez Trust,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Dory-Garduño Law Firm, LLC
James E. Dory
Rio Rancho, NM

Dwight E. Thompson Law Office, P.C.
Dwight Thompson
Denver, CO

for Appellants

Jane B. Yohalem
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**BOHNHOFF, Judge.**

{1}    This case involves a dispute among siblings regarding transfers of real property that their mother had owned. Following a bench trial, the district court quieted title to the property in favor of Defendants Michael F. Martinez (Michael) and Mary Shackelford-Martinez as Co-Trustees of the Michael Martinez and Mary Shackelford-Martinez Trust, awarded Michael his attorney's fees, and otherwise dismissed the claims of Plaintiffs George Martinez, Jesse Martinez, and Velma Martinez (collectively, Plaintiffs). On appeal, Plaintiffs raise four issues: (1) a trust created in the name of the parties' mother, Preciliana Martinez, was not valid; (2) the deed transferring the real property in question to their mother's trust was not valid; (3) Preciliana's will was not valid; and (4) the district court abused its discretion in awarding attorney's fees to Michael. We affirm.

**BACKGROUND**

## A. Factual Background

{2} The district court's unchallenged findings of fact and the evidence admitted during the trial establish, in relevant part, the following:

{3} Preciliana and Damacio Martinez were married on October 14, 1946. They had four children: Michael Martinez, George Martinez, Velma Martinez, and Jesse Martinez. Sometime in late 1990 Preciliana and Damacio met with attorney Philip S. DeCaro, who thereafter drafted their estate planning documents, including power of attorney instruments, wills, and trusts. Gale Gatto, DeCaro's wife and legal assistant, performed the word processing to prepare the documents.

{4} On October 1, 1990, Preciliana executed her power of attorney, giving Damacio authority to "act in every[]thing whatsoever require[d] to be done in my name, for all intent[s] and purposes." Preciliana signed the document with a mark; Consuelo Velasquez, Preciliana's sister-in-law, witnessed and Aurora Montoya, a longtime friend of Preciliana's, notarized her signature.

{5} On February 11, 1991, Preciliana and Damacio had Montoya prepare a warranty deed to convey 18.2738 acres of land, including a homestead, from Preciliana to the Preciliana Martinez Revocable Trust (the Preciliana Trust). Damacio signed the deed that day as attorney-in-fact for Preciliana. Then, on February 13, 1991, Damacio signed an instrument purporting to create the Preciliana Trust: Damacio signed for Preciliana as the settlor and co-trustee by

3

hand-printing her name, and then signed by hand-printing his own name as co-trustee with a notation that he also was acting as Preciliana's attorney-in-fact. These signatures were notarized.

{6}     Preciliana died on March 30, 1991. On May 28, 1991, Damacio, as trustee of the Preciliana Trust, conveyed a 3.6403 acre parcel out of the 18.2738 acre property to Gray Mercer and Judith Hoveter. Title to this parcel was insured by Stewart Title with Tierras de Taos Title Company acting as its authorized agent.

{7}     On November 9, 1994, Damacio executed his will and a trust instrument (the Damacio Trust) in which he designated himself as the primary trustee and the primary beneficiary, and Michael as the successor trustee. DeCaro witnessed and Gatto notarized Damacio's signatures on both documents. The same day, Damacio, as trustee of the Preciliana Trust, conveyed by deed to the Damacio Trust all of the property that remained in the Preciliana Trust; Gatto notarized Damacio's signature on the deed.

{8}     On December 8, 2000, Damacio transferred from the Damacio Trust portions of what remained of the 18.2738 acre tract to Michael as trustee of the Michael F. Martinez Trust; on December 11, 2006, Damacio transferred the remaining acres and the family homestead to Michael as trustee of the Michael F. Martinez Trust, reserving for himself a lease for life. On November 12, 2009, Damacio resigned as trustee of the Damacio Trust and Michael accepted the

4

responsibilities of trustee. Damacio died in 2013 and shortly thereafter Michael distributed most of the cash assets in the Damacio Trust equally among the three siblings and himself.

**B.     Procedural History**

{9}     Plaintiffs subsequently filed their complaint. The complaint focused mainly on claims of fraud, undue influence, and breach of fiduciary duty by Michael in his individual capacity and as the successor trustee of the Damacio Trust.

{10}     During the trial, the district court admitted two versions of the Preciliana Trust instrument, Exhibits D and GG-3, into evidence. Gatto testified that Exhibit D was a complete but unsigned copy of the trust instrument that she found in her husband's office files. Gatto testified that it was her and her husband's practice to keep only unexecuted copies of trust instruments and allow the client to keep the originals. She also testified that Exhibit GG-3 looked the same as Exhibit D except that the pagination seemed to be slightly different. She suggested the pagination might be different because the secretary had run out of copies, minor changes were made, or the format had been changed. She further testified that the font size was different.

{11}     Exhibit GG-3 was identified as a partial (it is missing pages) but signed copy of the instrument. Evelyn Jean Trujillo, who co-owned the title company that handled the May 1991 conveyance of the 3.6403 acre parcel of trust property to

Mercer and Hoveter, testified that the title company received and retained Exhibit GG-3. Exhibit GG-3 included the portions of the trust instrument that established that Damacio was the trustee and had authority to transfer trust property. Trujillo testified that sometimes the title company required only certain portions of the trust documents, and that it was possible that Damacio provided only those portions to her. The court ultimately found that Exhibit GG-3 was "[a] copy of the Preciliana Martinez Revocable Trust signed by Damacio Martinez for himself and for Preciliana Martinez" and that the title company "required and reviewed an executed copy of the the Preciliana Martinez Revocable Trust evidencing that Damacio Martinez was authorized to act as Trustee of the Trust."

{12}    Following the trial, the district court concluded that Plaintiffs had failed to prove their allegations of fraud, undue influence, and breach of fiduciary duty by Michael. Plaintiffs do not challenge these conclusions on appeal. The district court also upheld the validity of both the Preciliana Trust and the Damacio Trust. The court concluded that the power of attorney executed by Preciliana appointing Damacio as her attorney-in-fact was valid and that the warranty deed executed by Damacio validly transferred property from the Preciliana Trust to the Damacio Trust. The district court additionally ruled that Michael was authorized to reimburse himself for his attorney's fees out of the remaining cash in the Damacio Trust for attorney's fees, but that no additional attorney's fees would be awarded.

6

{13}     Michael moved for reconsideration of the attorney's fee ruling, requesting an additional award to cover the entire cost of defending the lawsuit. He argued that, having prevailed on all claims, it was unjust and inequitable for him to be forced to spend his personal funds to defend the trust and the trust property. The court agreed to reconsider and ordered Michael to file a fee affidavit. Michael filed an affidavit that showed in detail the work performed throughout the case and the costs incurred. At a subsequent hearing, the district court ruled that fees properly should be awarded for defending challenges to the trust and that the majority of the issues in the case were about the trust, but that it would discount Michael's fees by 15 percent to account for the fact that some of Plaintiffs' claims were made against Michael in his personal capacity. The district court accordingly entered a final judgment, awarding an additional amount of $34,420.26 in attorney's fees and $4,185.69 in costs to Michael as the prevailing party.

**DISCUSSION**

**A.     The District Court Did Not Err in Determining That the Preciliana Trust Was a Valid Trust**

{14} On appeal, Plaintiffs do not challenge the district court's admission of Exhibits GG-3 and D into evidence. Plaintiffs nevertheless challenge the district court's Findings of Fact 21 and 25 as well as Conclusion of Law 5:[1]

> 21. On February 13, 1991, Damacio Martinez executed the Preciliana Martinez Revocable Trust for himself and for Preciliana Martinez pursuant to the Power of Attorney granted to him by her. A copy of the Preciliana Martinez Revocable Trust signed by Damacio Martinez for himself and for Preciliana Martinez was admitted into evidence as Exhibit [GG-3].

> . . . .

> 25. As part of the process of insuring title in the Preciliana Martinez Revocable Trust and insuring the conveyance into the Grantees, Tierras de Taos Title Company, Inc., required and reviewed an executed copy of the Preciliana Martinez Revocable Trust evidencing that Damacio Martinez was authorized to act as Trustee of the Trust.

> . . . .

> 5. The Preciliana Martinez Revocable Trust was executed by Damacio Martinez for himself and for Preciliana Martinez pursuant to the Power of Attorney granted him by Preciliana Martinez and validly created the Preciliana Martinez Revocable Trust on February 13, 1991.

Plaintiffs do not challenge the testimony of Gatto and Trujillo concerning the circumstances surrounding the creation of Exhibits D and GG-3, respectively, nor do they assert that the district court could not accept that testimony as truthful and

---

[1]Plaintiffs do not challenge the district court's Finding of Fact 9.d, which identifies the February 1991 Preciliana Trust as "[a]n unexecuted copy of this document [that] was admitted into evidence as Exhibit 'D.'"

8

accurate. Plaintiffs instead limit their argument to the following: (1) Exhibit GG-3, the signed but incomplete version of the Preciliana Trust instrument, does not identify any beneficiaries or trustees and therefore does not establish a valid trust; (2) Exhibit GG-3 was not properly executed, and for that additional reason does not establish a valid trust; and (3) Exhibit D, the complete version of the instrument, does not establish a valid trust because it was not executed at all and also is different from Exhibit GG-3.

{15}     We will uphold the district court's findings of fact "unless they are demonstrated to be clearly erroneous or not supported by substantial evidence." *Disabled Am. Veterans v. Lakeside Veterans Club, Inc.*, 2011-NMCA-099, ¶ 19, 150 N.M. 569, 263 P.3d 911 (internal quotation marks and citation omitted).

> To the extent that [appellant] contends that there are errors of law in the trial court's conclusions or in those findings that function as conclusions, we apply a de novo standard of review. When the facts are not in dispute, but the parties disagree on the legal conclusion to be drawn from those facts, we review the issues de novo.

*Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844 (citation omitted).

{16}     NMSA 1978, Section 46A-4-402(A) (2003) of the New Mexico Uniform Trust Code, NMSA 1978, Sections 46A-1-101 to -11-1105 (2003, as amended through 2018) (the Code), provides that:

> A trust is created only if:
>             (1)     the settlor has capacity to create a trust;

9

   (2) the settlor indicates an intention to create the trust;

   (3) the trust has a definite beneficiary . . .;

   (4) the trustee has duties to perform; and

   (5) the same person is not the sole trustee and sole beneficiary.

However, the Code does not mandate that these predicate elements of the trust be set forth in one signed instrument. On the contrary, Section 46A-4-407 provides that, "[e]xcept as required by a statute other than the Uniform Trust Code . . ., *a trust need not be evidenced by a trust instrument*, but the creation of an oral trust and its terms may be established only by clear and convincing evidence." (Emphasis added.) Further, Section 46A-1-103, which provides definitions applicable to the Code, defines "trust instrument" and "terms of trust" in a manner that makes apparent that a trust and its terms may be proven without a signed instrument. A "'trust instrument' means an instrument executed by the settlor that contains terms of the trust[.]" Section 46A-1-103(S). "Terms of a trust," however, "means the manifestation of the settlor's intent regarding a trust's provisions as expressed in the trust instrument *or as may be established by other evidence that would be admissible in a judicial proceeding*[.]" Section 46A-1-103(R) (emphasis added). We read Sections 46A-4-407, 46A-1-103(R), and 46A-1-103(S) together to permit a trust to be established by evidence other than one executed writing that contains the entire terms of the trust.[2]

---

  [2]In reply, Plaintiffs also argue—based on statute of fraud principles—that it was impermissible for the district court to rely on parole evidence because the

{17}    Plaintiffs view Exhibits D and GG-3 each in isolation: they argue that Exhibit D fails to prove a valid trust because it is unsigned, and Exhibit GG-3 is deficient because it is incomplete. But Section 46A-1-103(R) allowed the district court to consider them together, as copies (albeit different) of the same instrument, along with the testimony regarding the events that led to their creation and retention. Thus, we review the evidence in its entirety to determine whether the Preciliana Trust is valid. We need not consider whether, for example, Exhibit D alone would establish a valid trust in the absence of Exhibit GG-3, or vice versa.

{18}    We note first that Exhibit D addresses all of the predicate elements set forth in Section 46A-4-402(A)(3), (4), and (5), including identifying the beneficiaries, for creating a trust.[3] Second, because it was signed, Exhibit GG-3 amounted to evidence that Damacio accepted, as Preciliana's attorney-in-fact, the terms of the trust as articulated in Exhibit D and intended to create the trust. *See* § 46A-4-402(A)(2). Third, Section 46A-1-103(R) permitted the district court to rely on the testimony of Gatto and Trujillo regarding the circumstances surrounding the

court did not make a finding that the original executed writing that created the Preciliana Trust was lost or destroyed. Plaintiffs have failed to show that this issue was raised before the district court, and, as such, we decline to consider it. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("Absent . . . citation to the record [where the party invoked the district court's ruling] or any obvious preservation, we will not consider the issue.").

[3]Plaintiffs do not challenge on appeal Damacio's capacity or intent to create a trust. *See* Section 46A-4-402(A)(1), (2).

11

creation of Exhibits D and GG-3 to buttress its conclusion regarding the validity of the trust. Gatto explained how her husband drafted the full Preciliana Trust agreement and kept a copy of the unexecuted agreement—Exhibit D—in his office. She further testified that it was her husband's normal practice to let his clients retain the executed, original versions. Gatto also stated that the difference in page length between Exhibit D, 57 pages, and the pagination shown in the table of contents contained in Exhibit GG-3, 53 pages, was likely because of a difference in font size and formatting. Trujillo explained that Damacio provided her title company with Exhibit GG-3, a portion of the executed Preciliana Trust. She stated that the reason she had only a portion of the trust could have been because that was all Damacio gave her.

{19} Plaintiffs point to certain differences between Exhibits D and GG-3, apparently to argue that the two documents cannot be considered jointly as evidence of the terms of the Preciliana Trust. They argue that the text on Exhibit D has a different font and different pagination than appears on the eleven pages of Exhibit GG-3. They also point out that on five of the pages of Exhibit GG-3, the footer is misspelled: "Revocable *Turst* of Preciliana Martinez" (emphasis added). Plaintiffs do not, however, direct our attention to any substantive differences between the two exhibits. These irregularities go only to the weight the district court gave to the documents, a judgment call that we will not second-guess. *See,*

*e.g.*, *Murken v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-080, ¶ 21, 140 N.M. 68, 139 P.3d 864 (distinguishing between arguments challenging the authenticity versus the accuracy of a document, and applying abuse of discretion standard to district court's decision regarding weight to be afforded to the document).

{20} Plaintiffs also argue that Exhibit GG-3 was not "executed" by Damacio, because in the district court's other findings Damacio's signature was identified as a cursive signature whereas Damacio signed the Preciliana Trust, individually and as Preciliana's attorney-in-fact, by hand-printing his name. While Plaintiffs had objected (unsuccessfully) to Exhibit GG-3 at trial for other reasons, they did not make the argument to the district court that they now raise on appeal, i.e., that a signature must be in cursive and must be the individual's usual signature in order to validly execute a document. Because it was not raised below, we will not address it for the first time on appeal. *See Robey v. Parnell*, 2017-NMCA-038, ¶ 16, 392 P.3d 642 (stating that "[t]o preserve an issue for review on appeal, it must appear that an appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court (internal quotation marks and citation omitted)).

{21} For these reasons, we conclude that the district court did not err in adopting Findings of Fact 21 and 25 and Conclusion of Law 5, and more generally in

13

determining that the Preciliana Trust was valid, notwithstanding that Exhibit D was not executed and Exhibit GG-3 was incomplete.

**B.      Plaintiffs Failed to Preserve the Claimed Error Regarding the Validity of the Deed**

{22}      Plaintiffs argue that the 1991 deed that transferred the property into the Preciliana Trust was null and void for lack of a grantee, because the trust did not exist at the time the deed was executed. Plaintiffs failed to preserve this claimed error, because they never advanced it below. We therefore will not address this issue for the first time on appeal. *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.").

**C.      Plaintiffs' Argument Regarding the Validity of Preciliana's Will Is Moot**

{23}      Plaintiffs argue that Preciliana's will is invalid because no signed copy was found. This question, however, is moot: the district court correctly upheld the validity of Preciliana's conveyance of her real property to the Preciliana Trust prior to her death, and therefore the terms of her will regarding disposition of that property are immaterial. When no actual controversy exists for which a ruling by the court will grant relief, the question is moot. *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008. "[A] reviewing court generally does not

14

decide academic or moot questions[.]" *State v. Favela*, 2013-NMCA-102, ¶ 13, 311 P.3d 1213 (internal quotation marks and citation omitted).

**D.     The District Court Did Not Abuse Its Discretion in Its Award of Attorney's Fees**

{24}     Plaintiffs do not challenge the district court's initial award of fees from the funds remaining in the Damacio Trust or the reasonableness of the total amount of Michael's attorney's fees. Instead, they focus on the district court's order following reconsideration that Plaintiffs individually must pay all but 15 percent of Michael's attorney's fees. Plaintiffs generally contend that the district court abused its discretion in making this award. Plaintiffs also claim error based on the fact that (1) Michael's affidavit and attached billing records failed to segregate the time Michael's trial counsel spent on work performed in defense of the claims against Michael as trustee from time spent on work performed in defense of the claims against Michael as an individual, and (2) the district court failed to make findings of fact regarding the fee award.

{25}     An "[a]ward of attorney fees rests in the discretion of the trial court and this [C]ourt will not alter the fee award absent an abuse of discretion." *Lenz v. Chalamidas*, 1991-NMSC-099, ¶ 2, 113 N.M. 17, 821 P.2d 355. The test is "whether the trial court's decision was clearly against the logic and effect of the facts and circumstances before the court. Stated otherwise, our inquiry is limited to the question of whether the trial court's decision was beyond the bounds of all

15

reason." *In re Estate of Greig*, 1988-NMCA-037, ¶ 22, 107 N.M. 227, 755 P.2d 71 (citation omitted).

{26}    The Code provides that, "[i]n a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." Section 46A-10-1004. This Court addressed Section 46A-10-1004 in *Khalsa v. Puri*, 2015-NMCA-027, ¶ 70, 344 P.3d 1036. There, we looked to New Mexico common law which permits an award of attorney fees to a party who successfully defends the assets of a trust, finding that Section 46A-10-1004 incorporates these equitable principles. *See id.* ¶ 74 (relying on *In re Estate of Foster*, 1985-NMCA-038, ¶ 43, 102 N.M. 707, 699 P.2d 638 (noting that protecting the assets of a trust or estate from being distributed unlawfully confers a substantial benefit that supports an award of attorney fees)). We held that

> given the many years of litigation over issues on which [the defendant] failed to present any direct evidence to support her claims and in light of the [t]rustees' overall success in defending these claims, we cannot say that the district court abused its discretion in determining that justice and equity required an award of the [t]rustees' reasonable attorney fees.

*Khalsa*, 2015-NMCA-027, ¶ 74.

{27}    This lawsuit spanned a period of three years. During the hearing on Michael's motion to reconsider, the district court asked defense counsel to address

16

Plaintiffs' argument that some of the claims were made against Michael as an individual and not as a trustee. Defense counsel responded that the court had the discretion to award all or a portion of the attorney's fees, the bulk of the attorney's fees were incurred defending the validity of the trust documents, and the trust documents themselves authorized the trustee to use trust assets for attorney's fees. Defense counsel further stated that 10 percent of his time was spent defending the claims against Michael in his individual capacity. In awarding attorney's fees, the district court determined that "the majority of the case was about the trust." Having presided over the trial, the district court was in the best position to evaluate defense counsel's assessment of the amount of work done in defense of the trust as opposed to the amount of work performed in defense of Michael individually. Given the district court's discretion in awarding attorney's fees, we will not second-guess its decision to award Michael 85 percent of the attorney's fees he incurred. We conclude that the district court's attorney's fees award was not an abuse of discretion.

{28}     Plaintiffs rely on *Dean v. Brizuela*, 2010-NMCA-076, 148 N.M. 548, 238 P.3d 917, for their argument that, because Michael's affidavit and attached billing records failed to segregate the time his counsel spent on work performed in defense of the claims against him as trustee from work performed in defense of claims against him individually, the attorney fee award was improper. *Dean* stands for the

17

proposition that, where there is authority to award attorney's fees for only some of the claims asserted by the party seeking the award, the party seeking the award must segregate in its fee request those fees which were incurred prosecuting the claim for which fees can be recovered and those fees which were incurred for other claims. *Id.* ¶ 17. Alternatively, the party must show that prosecution of all of the claims was intertwined and as a result it is difficult or impossible to segregate the fees. *Id.* ¶¶ 17-18. Here, however, Section 46A-10-1004, and the equitable principles underlying it, do not require the segregation of fees by claim. *See Khalsa*, 2015-NMCA-027, ¶ 74; *In re Estate of Foster*, 1985-NMCA-038, ¶ 43. In this context, the district court in its discretion could consider not only the statements of Michael's counsel regarding the percentage of his time that he spent defending the claims against his client individually but also the court's own observations during the trial in determining the attorney's fee award.

{29}    Plaintiffs also argue that the district court erred in failing to make findings of fact on the attorney's fees issue. Plaintiffs did not request any findings on the issue. They therefore waived their right to claim error on appeal. *See Cockrell v. Cockrell*, 1994-NMSC-026, ¶ 8, 117 N.M. 321, 871 P.2d 977 (holding that a party waives error in the court's failure to make findings by its failure to request or submit findings); *Jaramillo v. Gonzales*, 2002-NMCA-072, ¶ 42, 132 N.M. 459, 50 P.3d 554 (holding that there was no error in failing to make findings on attorney's

18

fees issues where the party did not request findings and the court stated its rationale for the award on the record); *cf. Montoya v. Medina*, 2009-NMCA-029, ¶¶ 4-6, 145 N.M. 690, 203 P.3d 905 (remanding for entry of findings of fact where findings were requested and appellate court could not tell from the record, even in light of district court's oral comments, how it arrived at its decision). Here, the district court stated its rationale for the award on the record during the hearing on the motion to reconsider, explaining that while some claims were made against Michael in his personal capacity, an award of fees incurred defending the trust was appropriate and the majority of the case was in fact about the trust. On that basis, the court reduced the attorney fee award by 15 percent to account for any work done for Michael individually and not as trustee. Given this articulation of the basis for its decision and that further findings were not requested, we find no error in the failure to make findings on the issue.

**CONCLUSION**

{30}    We affirm the district court.

{31}    **IT IS SO ORDERED.**


_____

**HENRY M. BOHNHOFF, Judge**

**WE CONCUR:**


_____

19

**LINDA M. VANZI, Chief Judge**

_____
**JENNIFER L. ATTREP, Judge**

20