This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38025**

**JUAN SANCHEZ, GILBERT ORTIZ,**
**ALEX GUTIERREZ, MAX GUTIERREZ,**
**and HERMAN JOHN ORTIZ, Individually**
**and as the Board of Trustees of the Chilili**
**Land Grant, a Political Subdivision of the**
**State of New Mexico,**

       Petitioners-Appellants,

v.

**MARIA TAPIA MARTINEZ and**
**BERNARDO MARTINEZ,**

       Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Holland & Hart LLP
Larry J. Montaño
Little V. West
Jules Elese Angelley
Adam G. Rankin
Santa Fe, NM

for Appellants

Moses, Dunn, Farmer & Tuthill, P.C.
Joseph L. Werntz
John A. Armijo
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     In this appeal we are asked to determine whether members and heirs to the Chilili Land Grant (Petitioners) may use a road (the Road) on land owned by Maria Tapia Martinez, known as Map 64 Tract 1 (the Property) and encompassed within the boundaries of the Chilili Land Grant (the Land Grant), pursuant to an easement by implication, necessity, or prescription. Determining that the district court's order as it relates to Petitioners' claims for an easement by implication or necessity is not supported by substantial evidence, we reverse in part and affirm in part.

## DISCUSSION

**{2}**     On appeal, Petitioners assert that the district court (1) failed to make findings on key issues of fact, (2) erred in denying Petitioners' claim for an easement by implication or necessity because the "physical facts rule" supports Petitioners' claim, and (3) erred in denying Petitioners' claim for a prescriptive easement because testimony proves that Petitioners have used the Road since the 1950s.[1]

**Standard of Review**

**{3}**     On appeal, we must determine whether the district court's findings are supported by substantial evidence and whether these findings support the district court's conclusions that Petitioners did not prove the elements required to establish an easement by clear and convincing evidence. *See Algermissen v. Sutin*, 2003-NMSC-001, ¶ 9, 133 N.M. 50, 61 P.3d 176. We review legal questions arising from a district court's application of law to the facts involving the existence of an easement de novo and "review the district court's findings of fact for substantial evidence." *Skeen v. Boyles*, 2009-NMCA-080, ¶ 17, 146 N.M. 627, 213 P.3d 531. "In cases such as this, where the trial court found against the party with the burden of proof, we should affirm such a finding if it was rational for the fact finder to disbelieve the evidence offered in support of the contrary finding." *Algermissen*, 2003-NMSC-001, ¶ 9. "Generally, the law does not favor claims of easement and the burden is on the party asserting such [a]

---

[1]Tapia Martinez additionally asserts that the doctrine of collateral estoppel bars this appeal because Petitioners abandoned any claim to an easement when they failed to assert a claim of easement in a 1999 quiet title action involving Petitioners and land encompassed within the Chilili Land Grant. "Collateral estoppel, also called issue preclusion, prevents a party from re-litigating ultimate facts or issues actually and necessarily decided in a prior suit." *Ullrich v. Blanchard*, 2007-NMCA-145, ¶ 19, 142 N.M. 835, 171 P.3d 774 (alteration, emphasis, internal quotation marks, and citation omitted). Petitioners answer that Tapia Martinez's "argument and evidence are not properly before this Court." Although Tapia Martinez argued in a 2013 motion to dismiss that in 1969 and 1993 judgments, Petitioners "were barred and forever estopped from having or claiming any lien upon or any right, title or interest to the tracts of land that are at issue," because Tapia Martinez offered the 1999 documents for impeachment purposes only and did not pursue an estoppel argument at trial, we consider the argument to be unpreserved. *See Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127 ("The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue.").

claim to prove it clearly." *Herrera v. Roman Cath. Church*, 1991-NMCA-089, ¶ 11, 112 N.M. 717, 819 P.2d 264 (omission, internal quotation marks, and citation omitted).

## I. The District Court's Order

**{4}** As an initial matter, we first address Petitioners' argument that the district court's "judgment is largely incapable of appellate review . . . because the court failed to make findings on key fact issues essential to the parties' claims and defenses." We disagree. Rule 1-052 NMRA (A) requires that "[i]n a case tried by the court without a jury, or by the court with an advisory jury, the court shall enter findings of fact and conclusions of law when a party makes a timely request." "Findings are sufficient if, taken together and construed in support of the judgment, they justify that judgment." *Chavez v. S.E.D. Lab'ys*, 2000-NMSC-034, ¶ 19, 129 N.M. 794, 14 P.3d 532; *see Montoya v. Medina*, 2009-NMCA-029, ¶ 5, 145 N.M. 690, 203 P.3d 905 ("Findings of fact and conclusions of law are insufficient to assist a reviewing court if they do not resolve the material issues in a meaningful way." (alteration, internal quotation marks, and citation omitted)). "Unless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it." *Bishop v. Evangelical Good Samaritan Soc'y*, 2009-NMSC-036, ¶ 25, 146 N.M. 473, 212 P.3d 361 (internal quotation marks and citation omitted).

**{5}** Here, the district court issued findings of fact and conclusions pursuant to Rule 1-052 which we determine sufficiently resolved the "material issues in a meaningful way." *See Montoya*, 2009-NMCA-029, ¶ 5 (alteration, internal quotation marks, and citation omitted). Importantly, the district court made a conclusion of law addressing Petitioners' easement claims explaining, "Petitioners have failed to carry by the presentation of sufficient and persuasive evidence . . . their burden of persuasion to show the elements of their three . . . theories of easements[.]" Our review of the record demonstrates that in making these conclusions, the district court considered a myriad of evidence, including the patent to the Chilili Land Grant, various deeds, multiple maps, as well as testimony from Petitioners and Tapia Martinez. Moreover, the thorough record presented on appeal, including the exhibits admitted into evidence by the district court and essential to the resolution of this appeal, is sufficiently specific such that we may determine whether the testimony interpreting such documentary evidence is adequate to support the conclusions of those who testified. *See Maestas v. Martinez*, 1988-NMCA-020, ¶ 15, 107 N.M. 91, 752 P.2d 1107 ("Where an issue to be determined rests upon the interpretation of documentary evidence, an appellate court is in as good a position as the trial court to determine the facts and draw its own conclusions."). Therefore, the district court's written order resolving the material issues, alongside the record provided on appeal, allows us to resolve the issues before us.

## II. The Physical Facts Rule

**{6}** Petitioners assert that they are entitled to a judgment on their claims of an easement by implication or an easement by necessity "as a matter of law pursuant to New Mexico's physical facts rule." Specifically, Petitioners argue that because the Road

in question is indeed a road, and "has been since at least the 1950s, . . . any contrary findings are refuted by the physical facts rule." Tapia Martinez answers that we should not "reweigh the evidence under the physical facts rule" and that the "nature of the contested road" alone "does not prove the elements of Petitioner[s'] easement claims." We agree with Tapia Martinez in this regard and explain.

{7}     In *Ortega v. Koury*, our Supreme Court explained that where "[p]hysical facts and conditions may point so unerringly to the truth as to leave no room for a contrary conclusion based on reason or common sense . . . the physical facts are not affected by sworn testimony which in mere words conflicts with them." 1951-NMSC-011, ¶ 8, 55 N.M. 142, 227 P.2d 941. In other words, "[w]hen the surrounding facts and circumstances make the story of a witness incredible, or when the testimony is inherently improbable, such evidence is not substantial." *Id.* Petitioners assert that because the district court did not make an express factual finding related to the existence of the Road, "common sense suggests the [district] court's silence means that it found the Road is a road and that . . . the members and heirs started to use it as a road."

{8}     While we agree with Petitioners that the existence of government documents, such as the 1983 U.S. Geological Survey Map, may demonstrate the existence of the Road, such documents do not "indisputably establish[]" that Petitioners have used the Road in a manner that proves the elements of their easement claims. *See Crownover v. Nat'l Farmers Union Prop. & Cas. Co.*, 1983-NMSC-099, ¶ 8, 100 N.M. 568, 673 P.2d 1301 (holding that the physical facts rule "is applied only where physical conditions are indisputably established and conflicting oral testimony is inherently improbable"). We therefore go on to address the elements of the Petitioners' easement claims.

III.     **Easement by Prescription**

{9}     Petitioners additionally assert that they are entitled to judgment on their claim for an easement by prescription because their use of the Road has always been adverse, as well as open and notorious, and "the record evidence shows conclusively [that] they used the Road for the requisite time period." Tapia Martinez answers that Petitioners did not prove the elements required to make a successful claim of a prescriptive easement.

{10}    To make a successful claim that an easement by prescription exists, Petitioners had to satisfy certain requirements. *See Algermissen*, 2003-NMSC-001, ¶ 9. Each element of a prescriptive easement must be proven by clear and convincing evidence. *Scholes v. Post Off. Canyon Ranch, Inc.*, 1992-NMCA-078, ¶ 4, 115 N.M. 410, 852 P.2d 683. "[A]n easement by prescription is created by an adverse use of land, that is open *or* notorious, and continued without effective interruption for the prescriptive period (of ten years)." *Brannock v. Lotus Fund*, 2016-NMCA-030, ¶ 26, 367 P.3d 888 (internal quotation marks and citation omitted).

{11}    Because we may presume that Petitioners' use of the land was adverse, so long as the other elements are met, we first address whether Petitioners' use of the Road

was open or notorious. *See Algermissen*, 2003-NMSC-001, ¶ 12 (explaining that "the fact finder should presume adversity if all of the other elements of the claim are satisfied, and there is no evidence of express permission"). For Petitioners to meet the open or notorious requirement, Petitioners must demonstrate that "the use of the property must have been so obvious that the landowners should have known about it, had they been reasonably diligent." *See id.* ¶ 18. Petitioners testified that they had rarely seen Tapia Martinez, her husband, or her son, on the Property. Bernardo Martinez testified that, because he and his family did not live on the Property, he did not realize that Petitioners were using the Road as a road until 2004 when the Chilili Land Grant Board of Trustees used a bulldozer to knock down trees to widen the Road. We conclude that evidence presented regarding Petitioners' use of the Road is insufficient to put Tapia Martinez on notice of Petitioners' claim to a prescriptive easement. *See Silverstein v. Byers*, 1992-NMCA-123, ¶ 11, 114 N.M. 745, 845 P.2d 839 ("To be open and notorious, the use must be of such a nature as to charge the landowner with constructive notice."). In *Hester v. Sawyers*, 1937-NMSC-056, ¶ 22, 41 N.M. 497, 71 P.2d 646, our Supreme Court explained that "where large bodies of privately owned land are open and un[e]nclosed, it is a matter of common knowledge that the owners do not object to persons passing over them for their accommodation and convenience[.]" Where such large areas of privately owned land are open and unenclosed, "it would be against reason and justice to hold that a person so using a way over lands could acquire any permanent right, unless his intention to do so was known to the owner, or so plainly apparent from acts that knowledge should be imputed to him." *Id.*; *see Silverstein*, 1992-NMCA-123, ¶ 12 (explaining that landowners must have had knowledge of the claimant's "intent to acquire a right of way for a permanent right to come into existence"). Although Bernardo Martinez testified that he had knowledge that the Road was being used to traverse the Chilili Land Grant, Petitioners do not demonstrate that their intention to claim a prescriptive easement was known to Tapia Martinez or so plainly apparent that knowledge should be imputed to her.[2] Because the Road sits on 280 acres of unenclosed property, and the record does not demonstrate that Tapia Martinez had knowledge of Petitioners' intention to claim a right of easement, we conclude that Petitioners have not demonstrated that their use was open or

---

2Although Petitioners contend that 1954 and 1983 maps published by the U.S. Geological Survey, which designate the Road as an unimproved dirt road crossing the Property, "establishes open and notorious use as a matter of law[,]" we remain unpersuaded. Petitioners point to *Sanchez v. Dale Bellamah Homes of N.M., Inc.*, 1966-NMSC-040, ¶ 6, 76 N.M. 526, 417 P.2d 25, in which our Supreme Court held that landowners were charged with knowledge of the easement claimant's use of the road there at issue where the roadway was "well defined and is plainly shown on the U.S. Geological map[.]" While *Sanchez* instructs us to strongly consider the evidentiary weight of a government created map depicting a well-defined road, we determine the facts at hand to be distinct from those before the *Sanchez* court. Indeed, in *Sanchez*, our Supreme Court noted that the road at issue—a small tract of land approximately half mile long—was not governed by the "open and unenclosed" rule set forth in *Hester*, 1937-NMSC-056, ¶ 22. *Sanchez*, 1966-NMSC-040, ¶¶ 5-6; *see Maestas v. Maestas*, 1946-NMSC-036, ¶ 10, 50 N.M. 276, 175 P.2d 1003 (explaining that the rule from *Hester* applies to large bodies of unenclosed land and was inapplicable to "a relatively narrow strip of land . . . adjacent to the appellants' domicile"). Because Petitioners do not cite to any case law applying the rule from *Sanchez* to a large unenclosed body of land, we are unconvinced that *Sanchez* supports Petitioners' position under these differing facts. Given that Petitioners cite no authority other than *Sanchez* for this proposition, we decline to consider this argument further.

notorious. Because Petitioners must demonstrate each of the requisite elements, *see Brannock*, 2016-NMCA-030, ¶ 26, we affirm the district court's denial of Petitioners' prescriptive easement claim.

## IV.     Easement by Implication or Necessity

**{12}**     Petitioners contend that they have an easement by implication and additionally an easement by necessity "essentially for the same reasons they are entitled to an easement by implication." Specifically, Petitioners argue that they have demonstrated unity and separation of title and that use of the Road is "essential to the beneficial enjoyment of the Chilili Land Grant." Tapia Martinez answers that Petitioners failed to establish time of severance, continuation of the contested road, or reasonable necessity.

**{13}**     An easement by implication arises out of reasonable necessity "when there is no reasonable way to use the property without the easement[.]" *Winrock Inn Co. v. Prudential Ins. Co. of Am.,* 1996-NMCA-113, ¶ 19, 122 N.M. 562, 928 P.2d 947. When a claim for an easement is not related to a landlocked parcel, we must determine whether an easement over the road arises out of implication because Petitioners cannot reasonably use their property without the easement. *See id.* In this context, the elements to create an easement by implication are "(1) [a] separation of the title; (2) necessity that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; and (3) necessity that the easement be essential to the beneficial enjoyment of the land granted or retained." *Venegas v. Luby*, 1945-NMSC-045, ¶ 14, 49 N.M. 381, 164 P.2d 584 (internal quotation marks and citation omitted).

**{14}**     As Petitioners correctly assert, the elements required to make a successful claim for an easement by implication are similar, but not the same, to that of an easement by necessity. "To establish an easement by necessity, three elements must be met: (1) unity of title, indicating that the dominant and servient parcels were owned as a single parcel prior to the separation; (2) that the dominant parcel had been severed from the servient parcel . . . ; and (3) that a reasonable necessity existed at the time the dominant parcel was severed from the servient parcel." *Ciolli v. McFarland Land & Cattle Co.*, 2017-NMCA-037, ¶ 16, 392 P.3d 635 (alterations, omission, internal quotation marks, and citation omitted). An easement by necessity arises when, "prior to the conveyance, the property did enjoy such rights [of access] and that, absent the implied servitude, the conveyance would deprive it of such rights." Restatement (Third) of Prop.: Servitudes § 2.15 cmt. c (2000). There must "be a *reasonable* necessity for the use of the servitude at the time of the severance." *Ciolli*, 2017-NMCA-037, ¶ 20. " '[N]ecessity' connotes an understanding that, while more than mere convenience is involved, there can be no other reasonable way of enjoying the dominant tenement without the easement." *Id.*

**{15}**     Determining that Petitioners failed to prove the third element—necessity that the easement be essential to the beneficial enjoyment of their land—because "at least one

alternative route" adding approximately fifteen minutes to Petitioners' route exists, the district court denied Petitioners' claim for an easement by necessity. While we disagree with the Petitioners' argument that the sparsity of district court order fails to resolve the material issues at hand, we agree with Petitioners that the district court's order as it relates to the element of necessity is not supported by substantial evidence. *See N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 ("The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." (internal quotation marks and citation omitted)); *see also Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (explaining that in reviewing a substantial evidence claim, the question is "whether such evidence supports the result reached"). We explain.

**{16}**    In its findings of fact and conclusions of law, the district court denied Petitioners' claim for an easement by implication, explaining "with respect to the 'necessity' element, the [district court] finds that there is at least one alternative route which takes approximately fifteen . . . minutes longer to end up in the same places depending upon the direction of travel." Similarly, in denying Petitioners' claim for an easement by necessity, the district court stated that, "as with the claimed easement by implication, the [district court] finds that the 'necessity' element is not satisfied." Petitioners argue that the district court's finding is not supported by substantial evidence because "[t]he only trial testimony about [fifteen] minutes concerned the amount of time it takes to traverse the [lands within the Chilili Land Grant] using the *Road*" and, in fact, without use of the Road, it actually takes forty-five to ninety minutes to get one from one side of the Land Grant to the other. Following our review of the record, including the evidence presented at trial, we agree with Petitioners.

**{17}**    Petitioner Pedro Gutierrez testified that to drive from the eastern boundary of the Land Grant to the western boundary using the Road, it would take fifteen minutes. When asked how long it would take to cross the Land Grant if he could *not* utilize the Road, Gutierrez explained that he would have to instead use La Jara Road, which in dry weather "would take [forty-five] minutes or more." In bad weather, and without access to the Road, Gutierrez suggested that he would not be able to get from the east boundary to the west. Juan Sanchez, President of the Land Grant, similarly testified that travelling from the eastern to western boundary of the Land Grant without using the Road "would take about an hour and a half . . . in good conditions." Sanchez also emphasized the importance of accessing the Road in an emergency, explaining that, "[i]t would be devastating not be able go through there, especially in an emergency situation" and noted, for example, a 2016 fire which burned 11,000 acres of the Land Grant.

**{18}**    Most importantly for our purposes, it appears that the district court relied on a misunderstanding of the evidence to make its determination that Petitioners failed to demonstrate necessity, finding that utilizing the Road saves only fifteen minutes when testimony clearly established that utilizing the Road saves upwards of forty-five minutes in good weather and is the only route of passage that ensures access to the Land Grant boundaries in bad weather conditions. Further, while the district court admitted an

exhibit containing pretrial testimony discussing multiple scenarios in which utilizing the Road could save various increments of time, such testimony did not clearly establish facts that could have served as a basis for the district court's order. Because the evidence presented at trial, and not prior to, creates an apparent conflict with the district court's finding as it relates to the element of necessity and renders the district court's basis of this finding ambiguous, we cannot uphold that determination. Although when reviewing a substantial evidence claim, we "will not reweigh the evidence nor substitute our judgment for that of the fact finder[,]" where the basis for a district court's legal conclusion is ambiguous—such that we cannot determine which facts or interpretation thereof the district court relied upon in making its findings, as is the case here—we cannot consider that conclusion to be supported by substantial evidence. *Las Cruces Pro. Fire Fighters*, 1997-NMCA-044, ¶ 12. We therefore hold that the district court's conclusion related to its determination that Petitioners failed to demonstrate the requisite element of necessity is not supported by substantial evidence and reverse as to Petitioners' claims for an easement by implication and necessity.

**CONCLUSION**

**{19}** Having determined that the physical facts rule does not alone demonstrate that Petitioners indisputably used the Road in a manner that proves the elements of their easement claims, and determining that the district court did not err in denying Petitioners' prescriptive easement claim, we affirm in this regard. However, because we conclude that the district court's order related to its determination that Petitioners failed to demonstrate "necessity" as required to make successful claims of an easement by implication or by necessity is not supported by substantial evidence, we reverse and remand on such basis for proceedings consistent with this opinion.

**{20}   IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**